# STATE OF IOWA;

DES MOINES, DECEMBER TERM, A. D. 1865.

IN THE TWENTY-SECOND YEAR OF THE STATE.

---

PRESENT:

Hon. RALPH P. LOWE, Chief Justice.
" JOHN F. DILLON, ⎫
" CHESTER C. COLE, ⎬ Judges.
" GEORGE G. WRIGHT, ⎭

---

MENDELL v. THE CHICAGO AND NORTH WESTERN RAILWAY COMPANY, AND GODFREY v. THE SAME.

1. **Railroads:** NOTICE OF LOSS. It is not necessary that "notice of loss" contemplated in § 6 of ch. 169, Laws Ninth General Assembly, shall be separate from the affidavits of loss. If the notice embraces all the essentials of the affidavit and is sworn to, it accomplishes the double purpose of affidavit and notice.

2. —— SERVICE OF NOTICE. The statute does not require service of such notice by reading the original and delivering to the parties served a copy. It is sufficient if the original is delivered to the party.

VOL. XX.—2

3. —— JUDGMENT OF SUPREME COURT. Where, in an action against a railroad company for double damages for killing stock, the court below erroneously excluded certain evidence which was necessary to the recovery of such damages, and the verdict and judgment were for *actual* damages only, the Supreme Court will not, upon reversing the ruling of the court below, enter a judgment for double damages.

*Appeals from Marshall District Court.*

WEDNESDAY, JANUARY 24.

THESE cases involve the same questions. Plaintiffs claim double damages for injury to stock, under section 6 of chapter 169, Laws Ninth General Assembly. On the trial, defendants objected to the "notices of loss," contemplated by said section, and the manner of service. The objections were sustained, plaintiffs duly excepted and appeal.

*Boardman & Brown* for the appellants.

1. The notice and affidavits were sufficient.

2. The service of the notice by reading the original and giving a true copy was sufficient. *Colling* v. *Trewick*, 6 B. & C., 394; *Elkins* v. *Hanly*, 3 Knox & Smith, 1; *Hammond* v. *Plank*, Peakes' Add. Cases, 90; *Kine* v. *Beaumont*, 3 Brod. & Bing., 288; *Johnson* v. *Haight*, 13 Johns., 475; *Phillipson* v. *Chase*, 2 Camp., 100, per Ld. ELLENBOROUGH; *Hollingsworth* v. *Snyder*, 2 Iowa, 436.

*Greene, Dudley & Belt* for the appellee, contended that under section 6, ch. 169, Laws of the Ninth General Assembly, the notice and affidavit should be two distinct and separate papers.

WRIGHT, J. — The statute provides that if the railroad liable thereunder, shall refuse or neglect to pay the value of any property so injured or destroyed, "after thirty *days' notice in writing given, accompanied by*

1. RAILROADS: notice of loss.

*an affidavit of the injury or destruction of said property* to any officer, &c.," it shall be held to pay double the value, &c.

In these cases the notices were duly directed to the company, set forth the time, manner and particular nature and extent of the injuries received, advised the defendant of the amount claimed, and the value of the property, and further stated that unless this amount was paid within thirty days, plaintiffs would claim and hold the company liable for double said amount and costs. These notices and all the facts therein contained, were duly verified by affidavit. To the introduction of these notices and affidavits in each case, defendant objected, upon the grounds: *First*, That it was but a *sworn notice*, and not a notice and affidavit. *Second*, That service should have been made by reading the original and leaving a copy, and not by leaving the original.

In sustaining these objections, or either of them, the court erred. The statute prescribes no particular form for the notice and affidavit. That the *notice* itself, duly verified, should contain a statement of the injury or destruction complained of, instead of having a notice without such matter, but *accompanied* or followed by the very same statement, could make no possible difference. We can conceive of no possible prejudice to result by following one, rather than the other course, and none has been pointed out. If the notice contains the statement, and is duly sworn to, the affidavit of the injury does *accompany* the notice, for how more effectually could it accompany it, than by being contained therein. The object was, to provide a notice and to advise the company how much and for what the injured party claimed. The sanctity of an oath was provided, that the company should not be made liable to the penalty of double damages, for the failure to pay an extravagant and unverified demand. The notice and statement being

Mendell v. The Chicago and North Western Railway Co.

in writing, if the injury or destruction shall be sworn to, the substance is attained, and the form becomes immaterial.

Why the notice should be served by leaving a copy rather than the original, we cannot conceive. Certain it is, that the statute itself recognizes no such distinction. We suppose that proof might be made *ore tenus*, on the trial, that the notice was duly given or served. Of course the notice itself must be in writing, as also the statement contemplated, but why one of two papers containing the same matter, rather than the other, should be delivered, we cannot imagine. There is, strictly speaking, no such thing as an original notice or paper in such case — at least not until there is a service, and then the paper delivered is, if either, for that becomes the proper one by which to measure defendant's liability. Whether this delivery or service could be proved by an *ex parte* affidavit, indorsed on the paper retained, we need not determine, as no such question is raised.

*2. —— service of notice.*

Plaintiffs had a verdict for the actual value of the property destroyed. They now suggest, that if we should find error in excluding the offered proof, they are entitled, as of course, to double damages. We need only suggest, however, that this proof was not made in the court below, and we do not know that it can be. Defendant denies the notice, and though the paper offered should be admitted, other testimony might be introduced which should legitimately be submitted to the court or jury under the issues joined.

*3. —— judgment of Supreme Court.*

Reversed.