WARREN v. THE K. & D. M. R. Co.

1. **Railroads**: WHEN LAND OWNER CONTRACTS TO FENCE. The owner of land adjacent to a railway, who has agreed to erect and keep in repair fences between his property and the road, cannot recover for injuries to stock occasioned by want of fence or defects therein. *Semble*, that his tenants would likewise be estopped to claim indemnity for losses thus resulting.

2. ——: ——. Such a contract between the land owner and the company does not release the latter from its liability to others than the owner, although it may look to him for indemnity for losses occasioned by his failure to construct or repair the fence.

3. ——: ——: RULE APPLIED. W. pastured his horses in the field of B., adjacent to a railway, between which and his land B. had undertaken to maintain a fence. The field was in the possession of S. as tenant of B. The horses having escaped from the field upon the track in consequence of the defective fence and been killed, it was *held*, that W. could maintain an action for damages against the company.

*Appeal from Wapello Circuit Court.*

MONDAY, OCTOBER 25.

PLAINTIFF alleges that on the 13th of August, 1874, a train of defendant ran over two mares of plaintiff, killing one and injuring the other, at a point where defendants had a right to fence, and where they carelessly and negligently permitted the fence to get out of repair. That plaintiff served due notice

of the loss, and more than thirty days have since elapsed without payment. Plaintiff claims double damages in the sum of $400.

The defendant denies the allegations of the petition, and alleges that the obligation to fence rested on one Nathaniel Bell, the owner of the inclosed pasture, where the mares of plaintiff were being pastured, and from which they came upon the track of defendant's road. There was a jury trial, and a verdict and judgment for plaintiff for $330.00. Defendant appeals.

*Stiles & Burton*, for appellant.

Where the statute imposes the duty of fencing, the railway company may stipulate with the land owner to maintain the fence, and if he fails to do so and thereby suffers loss, the company is not liable. (Redf. Am. R'y Cases, 351; *Easter v. Little Miami R. Co.*, 14 Ohio St., 48; *Terre Haute & Richmond R. Co. v. Smith*, 16 Ind., 102). The purpose of our statute respecting the fencing of railways is to create an obligation between the company and the land owners; it does not concern the general public. (*Jackson v. Rutland & B. R. Co.*, 25 Vt., 150; *R. R. Co. v. Skinner*, 19 Pa. St., 298.)

*H. B. & L. C. Hendershott*, for appellee.

The liability of the company grows out of the failure to fence, and no act of the owner of the stock but a willful one will excuse the company. (*Stewart v. C. & N. W. R. Co.*, 27 Iowa, 284; *Hinman v. C., R. I. & P. R. Co.*, 28 Id., 491; *Stewart v. B. & M. R. R. Co.*, 32 Id., 562.)

DAY, J.—On the trial evidence was introduced to the effect that, at the time of the injury to plaintiff's mares, they were being pastured for him in one Nathaniel Bell's pasture, then in the possession of one Salee, as tenant of Bell, and bordering on defendant's road, and from which they escaped and came upon defendant's track through the defective fence or gates bounding the same on defendant's road.

The defendant offered in evidence an instrument of writing, for the purpose of proving that Nathaniel Bell the owner of the pasture, had agreed with the company, for a valuable consideration, to erect said fence and its gates and keep them in repair.

The court rejected this testimony. In this ruling consists the only alleged error assigned.

It cannot be doubted that Nathaniel Bell, having agreed to erect and keep in repair the fence between his pasture and the railroad, could not recover of defendant damages resulting to his stock on account of the want of a fence or its lack of repair. And it may be that his tenant, Salee, because of the privity of estate, would be in the same position as to injuries sustained by his stock. But it is very evident that the relation existing between the plaintiff and Salee is altogether different from that existing between Salee and Bell. The tenant, if he exacted no covenant from his landlord to repair, would be bound to make reasonable repairs himself. And for that purpose he would be entitled to make reasonable use of timber upon the premises. But plaintiff, by simply acquiring the right to depasture his animals upon the premises, entered into no privity of estate with the tenant. He assumed no obligation to repair, nor did he acquire any right to enter upon the land, or make use of timber for that purpose. Section 1289, of the Code of 1873, provides that any corporation operating a railway, that fails to fence the same against live stock running at large, at all points where such right to fence exists, shall be liable to the owner of any such stock injured or killed by reason of the want of such fence, for the value of the property or damage caused, and that if such corporation neglects to pay the value of, or damage done to, such stock within thirty days after due notice in writing accompanied by an affidavit of the loss, it shall be liable for double the value of the stock killed or the damages caused thereto.

Any owner of stock killed is entitled to the provisions of this act, who does not cause the injury by his willful act or the act of his agent. It is true, as we have before intimated,

1. RAILROADS: when land owner contracts to fence: injury to stock.

a party may by his contract estop himself from insisting upon the provisions of this section. But this estoppel can operate only upon himself and his privies.

The primary obligation to fence rests upon the railroad company, and it cannot escape general responsibility by securing the obligation of another to erect and maintain the fence. If stock is injured by the want of a fence, the owner is entitled to the remedy provided by statute, which allows him to recover double damages, if payment is not made within thirty days from due service of notice of loss. If the railroad company has the obligation of another to fence, it must look to him for indemnity.

If the plaintiff in this case had been a traveler who stopped for the night, and turned his horse into Salee's pasture, would it be claimed that there was such privity between plaintiff and Salee and Bell that plaintiff could not recover from the railroad company the value of his horse, killed on defendant's track because of a defective fence? It seems to us such a position would not be maintained. Yet the facts of this case are not distinguishable in principle from the one supposed. It can make no difference whether the plaintiff hire the right to pasture for one night, or for a week, or a month, or a longer period.

In either case he has a right to expect that a railroad company will maintain proper fences along its track, and, in the event of its failure, to demand the compensation which the law provides. The evidence offered was properly rejected.

AFFIRMED.