## MANWELL v. THE BURLINGTON, CEDAR RAPIDS AND NORTHERN RAILWAY COMPANY.

1. **Railroads**: FENCES : INJURY TO STOCK : DOUBLE DAMAGES : LIMITED BY NOTICE. Where the owner of stock injured by the operation of a railroad, by reason of the failure of the company to fence its track, gives notice in writing to the company of the injury, accompanied by affidavit, as required by section 1289 of the Code, in order to the recovery of double damages upon failure of the company to pay the actual damages within thirty days, *held* that such owner cannot recover, as double damages, more than twice the amount of the damages named in the notice and affidavit. The spirit of the statute, if not its letter, requires that the notice and affidavit advise the company of the injury, and the amount demanded in satisfaction thereof, in order that it may investigate

Manwell v. The Burlington, C. R. & N. Ry. Co.

the case, and decide whether it will pay the demand without litigation, or incur the risk of paying double the amount as the result of litigation. ( Compare *Mendell v. Railway Co.*, 20 Iowa, 11, and *Marsh v. Benton County*, 75 Iowa, 469.)

2. ———: ———: ———: ———: WHAT INCLUDED. In such case, the owner of the stock may recover not only double damages for the depreciation in value of the stock which results from their injuries, but double damages, also, for the value of care and attention properly bestowed in curing the animals of their wounds. And the same rule applies to all damages which result directly from such injuries.

3. ———: ———: ———: WILFUL ACT OF LAND-OWNER : INJURY TO TENANT'S STOCK. The owner of land crossed by a railroad may, by his conduct, release the company from its liability for damages to stock on account of its failure to keep up the fences along its track ; and a tenant who acquires the right to use the land jointly with the owner, with knowledge of such release from liability, acquires no greater right than that of his lessor. ( See opinion for citations.)

*Appeal from Benton District Court.*—HON. L. G. KINNE and HON. G. M. GILCHRIST, Judges.

FILED, MAY 27, 1890.

ACTION to recover double the amount of damages to stock alleged to have been caused by reason of the failure of defendant to keep closed a gate at a point where it had the right to fence. There was a trial by jury, and a verdict and judgment for plaintiff. The defendant appeals.

*S. K. Tracy* and *J. C. Leonard*, for appellant.

*E. M. Sharon*, for appellee.

ROBINSON, J.—The plaintiff claims, and there is evidence which tends to show, that on the thirtieth day of December, 1886, he turned into his field two mares ; that they escaped therefrom into a field owned by one Webster; that they escaped from Webster's field through an open gate in the fence of defendant onto its right of way ; that while there they were frightened by an

approaching train, and in consequence broke through a barbed-wire fence of defendant, and in so doing received injuries which disabled them for several months. On the tenth day of January, 1887, plaintiff served upon defendant a notice in writing, accompanied by an affidavit, as provided by the statute in such cases. The amount of the injuries to the mares was alleged in the notice and affidavit to be one hundred dollars. The defendant neglected to pay the damage claimed, and this action was commenced. The amount of the verdict and judgment was four hundred and twenty-five dollars. It is alleged that KINNE, J., presided at the trial of the cause, and that GILCHRIST, J., acted thereafter.

I. The plaintiff seeks to recover for the injuries to the mares, for services rendered and expenses incurred

1. RAILROADS: fences: injury to stock: double damages: limited by notice.

to effect their cure, and for the loss of their services. The petition alleges that the actual damages sustained amounted to three hundred and twenty-five dollars, and demands judgment for six hundred and fifty dollars. The ninth paragraph of the charge to the jury is as follows: "9. If you find for the plaintiff under all the instructions given herein, then you will determine the amount of the damage, if any, to said horses; and in arriving at the amount of damage you will take into consideration the difference, if any, in the market value of the horses before and after the injury, and double the amount of such difference, if any, you will allow plaintiff, and add thereto the value of the care and attention on said horses, provided you find said care and attention was necessary to the healing of their wounds and to their recovery; the value of the feed of said horses during the time of the disability of said horses, if any, providing you find plaintiff was compelled to and did hire other horses to do his work by reason of said injury, if any; also the market value of the services of the horses, if any, exclusive of their feed, necessarily hired by plaintiff to do his work while his own horses were disabled by reason of said injuries, and

the amount of the value, if any, medicine necessarily furnished for treatment and healing of the wounds of said injured horses. But in no event can your verdict exceed six hundred and fifty dollars."

The paragraph quoted, and certain rulings of the court as to the admission of evidence, are complained of by appellant, on the ground that they ignore the fact that in his notice and proof of loss plaintiff placed the amount of his damages at one hundred dollars. We are of the opinion that, so far as the rulings in question relate to the right of plaintiff to recover double damages, they were erroneous. They seem to be based in part upon the theory that the statute does not require the notice and affidavit of injury to specify the amount claimed, and, therefore, that the naming therein of a sum certain was not fatal to the recovery of a larger amount. Section 1289 of the Code contains the following provisions: "Any corporation operating a railway, that fails to fence the same against live stock running at large at all points where such right to fence exists, shall be liable to the owner of any such stock injured or killed by reason of the want of such fence for the value of the property or damage caused, unless the same was occasioned by the wilful act of the owner or his agent. And, in order to recover, it shall only be necessary for the owner to prove the injury or destruction of his property; and if such corporation neglects to pay the value of, or damage done to, any such stock, within thirty days after notice in writing, accompanied by an affidavit of such injury or destruction, has been served * * * such owner shall be entitled to recover double the value of the stock killed or damages caused thereto * * *." It was said in *Mendell v. Railway Co.*, 20 Iowa, 11, in effect, that the purpose of the notice and affidavit is to advise the corporation how much and for what the injured party claims. The affidavit must show the injury to, or destruction of, the property. The notice should advise the corporation of the loss of which complaint is made, and of the demands of the person injured

on account of it. The notice and affidavit together should, so far as is practicable, inform the company of such material facts as will enable it to investigate the claims made, and decide whether it will pay the amount demanded without litigation within the time limited. These requirements are not within the letter, but they are within the evident spirit and purpose, of the statute. The statute provides that "in order to recover it shall only be necessary for the owner to prove the injury or destruction of his property," but it is manifest that in order to recover the owner must prove other facts, among which are that the property was of the kind contemplated by the statute; that the corporation was engaged in operating a railway, and that the stock was injured or killed by reason of its failure to fence at a point where the right to fence existed. The provision quoted was designed to change the burden of proof to some extent, and thus enable the owner to make a *prima-facie* case by proving fewer facts than would be required in the absence of the statute, but it was not designed to dispense with all proof on the part of the owner, excepting as to the injury or destruction of his property. The various provisions of the statute must be construed together, and the purposes which they were designed to accomplish must be considered. When so treated the statute will be found to fully authorize the conclusion we have reached, and to contain no language which makes a different construction necessary. The case of *Marsh v. Benton County*, 75 Iowa, 469, was decided under another statute; but the principle involved was somewhat similar to that we have been considering. The instruction to the jury should have limited the right of recovery of plaintiff for double damages to twice the amount stated in the notice and affidavit.

II. A further objection made to the portion of the charge quoted is, that it authorizes the jury to allow 2. — : — : double damages for the depreciation in value — : — : of the horses which resulted from their inju-what included riės, and, in addition, single damages for the

value of care and attention provided for the horses, and for other charges. The provision in regard to double damages authorizes the owner to "recover double the value of the stock killed or damages caused thereto." It has been held that the statute is so far penal in its nature that there can be no recovery thereunder for damages not clearly within its scope and intent. *Moriarity v. Railway Co.*, 64 Iowa, 699 ; *Miller v. Railway Co.*, 59 Iowa, 710.

But it was held in *Koons v. Railway Co.*, 23 Iowa, 497, that the provision in regard to double damages did not authorize the recovery of a penalty within the meaning of the statute of limitations, but was designed to compensate the owner, rather than to punish the company for its neglect to pay actual damages. The stock-owner who is brought within that provision may recover "double the value of the stock killed or damages caused thereto." But the damages caused *to the stock* are physical, and the owner is entitled to recover double the financial damages which result therefrom. In this case the plaintiff expended time and money in proper efforts to heal the injured animals. The evidence tends to show that without attention one of them would have died and the other would have become worthless. Under the theory of the instruction, single damages only are recoverable for the time and money so spent. Yet they were as much the direct result of the alleged wrong of defendant as was the depreciation in the value of the horses, and the reason for allowing double damages applies as strongly to them as to the loss in value. The same rule would apply to all damages which resulted directly from the injuries in question.

III. It is insisted by appellant that it is not responsible to plaintiff for the damages in controversy, for the

3. —— : —— :
—— : wilful
act of land-
owner : injury
to tenant's
stock.

alleged reason that the owner of the land from which the horses escaped onto defendant's right of way had persistently kept open the gate through which they escaped, and that plaintiff had a right to use the land. The

evidence as to the gate, and the plaintiff's occupation of the land, is conflicting. Since a new trial is to be granted it is only necessary to say that the land-owner may by his conduct release the railway company from liability for its failure to build and maintain a fence, and the tenant who acquired a right to occupy and use the land jointly with the owner, with knowledge of such release from liability, would acquire no greater right than that of his lessor. See *Warren v. Railway Co.*, 41 Iowa, 484; *Chicago & N. W. Ry. Co. v. Dunn*, 59 Iowa, 619; *Russell v. Hanley*, 20 Iowa, 219. Whether the tenant might, by his own conduct, revive the liability of the railway company, is a question not involved in this appeal, and not determined.

IV. What we have said disposes of all questions which need to be considered on this appeal. The judgment of the district court is REVERSED.