JOSEPH HAMMANS, Appellee, v. CHICAGO, ROCK ISLAND & PACIFIC RAILWAY COMPANY, Appellant.

Railroads: INJURY TO STOCK: DOUBLE DAMAGES: TENDER. In an action for double damages for injuries to stock caused by the defendant, the latter admitted the killing of the stock, the amount of actual damages sustained to be as alleged in the petition, and that notice thereof had been duly served as provided by statute, but in excuse for its failure to make payment thereof pleaded that, before the expiration of the thirty days allowed by statute after receipt of said notice, the defendant was at the residence of the plaintiff, ready to pay him the full value of the stock injured, but the plaintiff was absent from home, and that the defendant was still ready to pay the amount of the actual damages sustained. *Held*, that a demurrer to the defendant's plea was properly sustained.

*Appeal from Davis District Court.*—HON. H. C. TRAVERSE, Judge.

WEDNESDAY, JUNE 3, 1891.

ACTION to recover double damages for stock killed and injured on the defendant's railway, the actual damage being averred in petition to be one hundred and sixty-nine dollars.   The answer admits the killing and injury to the stock, and the actual damages, as alleged.   In the second division of the answer the defendant pleaded facts designed to avoid a liability for double damages, because of a failure to pay within thirty days after notice in writing, which notice was properly given.   The facts pleaded in avoidance of the liability for damages are, in substance, that the plaintiff is a farmer residing on the farm where the stock was injured, and has no other place of business; that before

the expiration of the thirty days the defendant "was at the place of residence of the plaintiff, ready and prepared to pay to him the full value of stock killed, and the full amount of damage done to the said stock injured, but the plaintiff was not at home nor present at his place of residence to receive such payment;" and that "defendant was unable to remain, but was and is still ready to pay to said plaintiff the amount of the full value of all the damages sustained by him by reason of the killing and injuring of said stock, to-wit, the sum of one hundred and sixty-nine dollars." To the second division of the answer there was a demurrer, on the ground that it failed "to set forth facts constituting a tender in law, but only a willingness to make a tender." The district court sustained the demurrer, and from a judgment for the plaintiff thereon for three hundred and thirty-eight dollars the defendant appeals. *Affirmed.*

*T. S. Wright* and *S. S. Caruthers*, for appellant.

*Payne & Eichelberger*, for appellee.

GRANGER, J.—The notice served on the defendant company fixed the actual damage at one hundred and sixty-nine dollars, and it is the amount that the defendant pleads a willingness to pay, both before and after the expiration of the thirty days. The appellant, as a reason for its construction of the statute providing for double damages, assumes a view of the law, as to what is required in the notice, that is erroneous. It says in argument: "The statute does not require that the notice and affidavit of loss should contain or constitute any evidence of the value of the property destroyed." In *Manwell v. B., C. R. & N. Ry. Co.*, 80 Iowa, 662, it is held that "the notice should advise the corporation of the loss of which complaint is made, and of the demands of the person injured on account of it;"

and "the notice and affidavit together should, so far as is practicable, inform the company of such material facts as will enable it to pay the amount demanded, without litigation, within the time limited." The case also holds that the actual damage is limited to the amount stated in the notice and affidavit. The appellant's theory is that the question of value is an open one, for adjustment between the parties, and that it is impossible for the defendant to settle the damages without an interview, through some agent of its selection, with the owner of the property; and hence that the owner is required "to remain in readiness for each of the thirty days elapsing after the giving of the notice, to meet the defendant or his agent, and negotiate his loss." The rule, as claimed, is without analogy in the jurisprudence of the country. Dispensing, for the purpose of argument, with the rule as to double damages, and the plaintiff could maintain his action for actual damage at his pleasure; and the defendant, to avoid judgment, would be required to adjust and pay the debt, or so act as to place the plaintiff legally in fault for nonpayment, which could be done under the well-known rule of tender. He could not, however, avoid such a liability merely by showing that he was at the home of the plaintiff before suit was brought, ready to adjust and pay the damage, but was prevented because of the absence of the plaintiff. The statute makes the defendant liable for double damages, because of a failure to pay in a specified time, and no action, with a view to such damage, can be maintained within that time. Now, why is not the same rule applicable to this case as in suits for actual damage; that is, if the payment is not made within the thirty days the defendant, to avoid liability for double damages, must show the plaintiff legally in fault for the non-payment? If a tender was made, and refused, the defendant might

reasonably understand that it would not be accepted at any other time, and would excuse further effort for payment. But a willingness to pay at a particular time and place, in the absence of a law or contract fixing such time and place for performance, has never had the effect of placing the other party legally in fault for non-payment; and this rule has obtained without regard to the necessity for the parties meeting for adjustment. We see nothing in the language or effect of the statute providing double damages that should so change the rule as to require one who is injured in his property, before he can have the benefit of the statute, to establish headquarters for negotiations, and be there in readiness to receive what is actually due for thirty days or less, at the pleasure of his debtor.

It must not be understood that we hold that a legal tender is the only means of placing a party entitled to payment in fault for non-payment, so as to avoid a claim for double damage; because the statute is a peculiar one, and its purpose should be clearly in view in determining such questions, so that, on the one hand, it shall not be an instrument of wrong or oppression, nor, on the other hand, should its purpose be avoided by a technical or unsound interpretation. If it should be said that reasonable diligence to make actual payment within the thirty days would defeat a claim for double damages, still the facts pleaded in this case do not rise to the dignity of such a rule. The defendant was at the residence of the plaintiff once. Its purpose to pay was as to the plaintiff then and thereafter, to the commencement of the suit, a secret. Of all the ways open to inform the plaintiff of its willingness to pay, none were employed. In this case there was nothing to adjust as to amount, for the company concedes the amount claimed in the notice, and the notice limits the demand of the plaintiff. A simple note through the mail would likely have avoided this

suit. The rule claimed by the appellant is unreasonable, and cannot be sustained. The judgment is AFFIRMED.