JOHN BRAMMER v. WABASH RAILWAY COMPANY, Appellant.

112   375
123   252.

**Railroads:**   RECOVERY OF DOUBLE DAMAGE FOR STOCK KILLED:   *Vari-
ance between affidavit and evidence.* · Code 1873, section 1289,
provides that, if a railway corporation neglects to pay the
value of stock which is killed on its road where such corpora-
tions having the right to fence, failed to fence its right of
way, within 30 days after notice in writing, accompanied by
an affidavit of such destruction, has been served on an agent
in the employ of the corporation in the county where the de-
struction was committed, such owner shall be entitled to ·

double the value of the stock killed. Plaintiff's mare was killed by defendant company at a point where defendant failed to fence the road, and plaintiff served notice and affidavit on defendant saying that on a certain date, at a certain point, defendant's train killed one bay horse, four years old, of a certain value, while a stock report which he filled out and filed at defendant's request, stated that a bay mare, five years old, of the same value, was killed, but on a different date, and in the petition he asked to recover for one bay horse, killed on or about the time set out in his first affidavit, and of the same value. He testified that only one animal had been killed, and tht it was a bay mare, four years old. *Held*, that the defendant was sufficiently advised to put it on inquiry, which, if pursued, would have led to a discovery of the facts concerning plaintiff's claim, notwithstanding the variance between the affidavit, claim, and evidence, and hence plaintiff can recover double the value of the animal.

*Appeal from Polk District Court.*—HON. C. P. HOLMES Judge.

THURSDAY, OCTOBER 25, 1900.

ACTION to recover damages for killing one bay horse of the value of $140 on or about the seventeenth day of October, 1893, by one of the defendant's trains at a point where the defendant had a right to fence, but had not fenced. As a basis for recovering double damages under section 1289 of the Code of 1873, the plaintiff alleges that on the twenty-second day of March, 1894, he served written notice and affidavit, copies of which are attached to his petition, on the defendant's station agent at Percy, in Marion county, in which county the animal was killed, and that, although more than 30 days have elapsed since said service, the defendant has not paid for said horse, nor any part of the value thereof; wherefore plaintiff asks to recover $280. The notice and affidavit set out state that on the twenty-fifth day of September, 1893, about one mile northwest of Percy, defendant's train killed a cow of plantiff's, of the value of $85. They also state that on or about the seventeenth day

of October, 1893, at a point about one mile from Percy, defendant's train ran over one bay horse, the property of the plaintiff, of the value of $140, whereby said horse was killed. The defendant answered, denying generally, and in an amendment admitted service of said notice and affidavit March 22, 1894, but denied that on or about the seventeenth day of October, 1893, defendant's train had injured or killed one bay horse, the property of the plaintiff. Further answering, the defendant says that, if its train ever injured or killed an animal belonging to the plaintiff, the animal so injured or killed and the time of such injury or damage are not correctly stated in said notice and affidavit. Defendant says as a further defense "that said notice does not furnish it with such information as was necessary in order to enable it to investigate in regard to any such injury, if any there was, occurring at any other time." Defendant alleges that said notice is not as required by statute, and that by reason of the facts it was prevented from making full and complete investigation in regard to any injury or damage occurring upon any other date, until after the expiration of 30 days from the service of said notice, and that by reason of the facts plaintiff is barred and estopped from claiming double damage. In a further amendment defendant states, in effect, that in investigating the claim it relied upon the date of injury and the description of the animal as stated in said notice and affidavit, and confined its investigation thereto; that it was misled by incorrect statements therein, and prevented from making a full and proper investigation; wherefore defendant says that the plaintiff is estopped from claiming double damages for the killing of an animal not described in said notice, or which was killed at a remote date from that named. Verdict and judgment for the plaintiff for $280. Defendant appeals.—*Affirmed.*

*Cummins, Hewitt & Wright* for appellant.

*Bowen & Brockett* for appellee.

GIVEN, J.—I.    We have the question whether under
the notice given by plaintiff to defendant, plaintiff is entitled
to recover double damages, under section 1289 of the Code
of 1873, which contains the following: "And if such corpo-
ration neglects to pay the value of or damage done to any
such stock within 30 days after notice in writing, accom-
panied by an affidavit of such injury or destruction, has
been served on any officer, station or ticket agent employed
in the management of the business of the corporation in the
county where the injury complained of was committed, such
owner shall be entitled to recover double the value of the
stock killed or damages caused thereto." It is not provided
what the notice shall contain, but in *Manwell v. Railway
Co.*, 80 Iowa, 662, we said as follows: "It was said in
*Mendell v. Railway Co.*, 20 Iowa, 11, in effect, that the
purpose of the notice and affidavit is to advise the corpora-
tion how much and for what the injured party claims. The
affidavit must show the injury to or destruction of the prop-
erty. The notice should advise the corporation of the loss
of which complaint is made and of the demands of the per-
son injured on account of it. The notice and affidavit
together should, so far as practicable, inform the company
of such material facts as will enable it to investigate the
claims made, and decide whether it will pay the amount
demanded without litigation within the time limited. These
requirements are not within the letter, but they are within
the evident spirit and purpose, of the statute." In addi-
tion to service of the notice and affidavit set out to the peti-
tion, it appears that on the sixteenth day of November,
1893, the plaintiff received from the defendant's station
agent at Percy a blank stock report, which he filled up, and
forwarded, stating therein, "That there was one bay mare
killed, 5 years old, on or about 10 or 11 of Nov., 1893";
and on said sixteenth day of November said report so veri-
fied was delivered to the defendant's station agent at Percy,
and by him forwarded to the defendant's adjusting agent.

It will be observed that this report states that it was a bay mare, 5 years old, that was killed, and that she was killed about the tenth or eleventh of November, 1893; that the notice and affidavit served March 22, 1894, says that on October 17, 1893, at a point one mile from Percy, defendant's train injured and killed "one bay horse, 4 years old"; and in his petition the plaintiff asks to recover for the killing of one bay horse on or about the seventeenth day of October, 1893. Plaintiff testifies that he did not have a horse or mare killed or injured on or about the seventeenth day of October, 1893; that but one horse was killed; that it was a bay mare, past 4 years old, and that it was killed about the tenth or eleventh of November, 1893. The court instructed that it was claimed that the notice and affidavit were insufficient, and added: "You are instructed that the question of the sufficiency of said notice is one of law and must be determined by the court; and you are further instructed that said notice and affidavit are sufficient, and, if you shall find that plaintiff is entitled to recover, your verdict should be double the reasonable value of said mare." In *Mendell v. Railway Co., supra,* the notice was sworn to, and the service was by leaving the original notice, instead of a copy, and the contentions were as to the sufficiency of such notice and service. What the notice should contain was not involved. In *Manwell v. Railway Co., supra,* the notice claimed $100 damages, and the contention was whether, under said notice, the plaintiff might recover, as double damages, more than twice the amount claimed in the notice. Beyond these questions what is required to be stated in such notices was not involved, and what is said on that subject is not conclusive. Notwithstanding the discrepancies between the notice and affidavit and the facts, the appellant could not be and was not misled as to the claim made. It was sufficiently advised to put it upon inquiry, which, if diligently pursued, would have discovered to it the facts concerning the plaintiff's claim. There is not sufficient evi-

dence to sustain the allegations of the answer upon which an estoppel is claimed. We think there was no error in the court instructing that the notice and affidavit were suffi cient.—AFFIRMED.

GRANGER, C. J., not sitting.