O. B. STOVALL, *Appellee*, V. THE ATCHISON, TOPEKA & SANTA FE RAILWAY COMPANY, *Appellant*.

No. 16,798.

SYLLABUS BY THE COURT.

RAILROADS—*Injury to Stock upon Right of Way—Statutory Fence*. Where the road of a railway company which runs through the farm of the plaintiff was legally fenced through the farm, except for a distance of thirty feet, over which the owner built a fence, including gates, for his own convenience, which fence diverged about fifteen feet from the right of way and connected at each end with the fence of the railway company, thus leaving a passageway between his fields and also to a private crossing of the railroad, it will be deemed to be a substantial inclosure of the railroad with a fence within the statute, and the owner can not recover for the killing of an animal which passed through a gate on his land, where the only negligence alleged is the failure of the railway company to perform the statutory duty of fencing its road through his farm.

Appeal from Marion district court. Opinion filed January 7, 1911. Reversed.

*William R. Smith, O. J. Wood,* and *Alfred A. Scott,* for the appellant.

*C. M. Clark,* for the appellee.

The opinion of the court was delivered by

JOHNSTON, C. J.: O. B. Stovall brought an action against the appellant to recover damages for running an engine upon and killing a mare of his which had escaped from his pasture and gone upon the track of the railway company. The negligence alleged was that the railway company failed to inclose its road with a lawful fence, and upon that ground a recovery was had. The following diagram illustrates the situation at appellee's farm, through which the railroad runs:

— N O R T H —

RAILWAY TRACK

RIGHT OF WAY

GATE      FENCE ON RIGHT OF WAY

STOVALL

STOVALL                    ALFALFA FIELD

GATE

LANE

At the south end of the lane there was water for appellee's stock. On the north end was a private crossing leading to his land on the other side of the track. Upon the left side of the lane was his pasture, and on the right his alfalfa field. As the diagram shows, there is a slight divergence of the railroad fence at the north end of the lane, with three gates, arranged for the convenience of the landowner and furnishing a passageway from one field to another and from the lane to either field, as well as to the private crossing. The fence on the south side of the railroad, except where the divergence occurs, is legal and sufficient, and the bend in the fence at the end of the lane is only fifteen feet south of the right of way of the railroad, but it returns to the true line of the right of way after passing a distance of about thirty feet. With the gates closed the fence is complete on the south side of the track, and except for this slight departure from the right of way is such a fence as the law requires. The appellant does not know who originally built the fence and erected the gates around this irregular piece of ground, but it had been there about nine years, and it was clear from the testimony that it was built and maintained in this way for the convenience and benefit

Stovall v. Railway Co.

of the landowner and to enable him to use this short strip of land, about fifteen feet wide, as a passageway to his fields and to the crossing.  Now, the only wrong that is attributed to the railroad company by the appellee is its failure to perform its statutory duty of fencing its road through appellee's farm, through which the mare entered upon the road.  A gate was found to be open, through which the mare probably passed, but no attempt was made to prove that the railway company was responsible for the opening of the gate.  These gates, too, come up to the requirements of the law and are provided with secure fastenings. The act which makes the railway company liable for animals killed or wounded by the operation of its engines or cars specifically provides that it shall not apply to a railway company whose railroad is inclosed with a good and lawful fence.  In this instance there was a practical inclosure of the railroad by a good and lawful fence.  Ordinarily a railway company would have no right to put its fence upon the land of an adjoining owner, but if it deviates a little from the line of the right of way and builds its fence there, with the consent of the landowner, it could hardly be said that the road was unfenced; and where, for the convenience of such owner, there is a slight departure of the fence from the true line, and it is built and connected with that of the railway company, so that it forms a continuous fence, as in this case, the landowner at least can not well insist that the railway company has violated its statutory duty or make that alone the basis of a charge of negligence.  No other ground of negligence having been alleged or proved, appellee was not entitled to recover.

The judgment is therefore reversed, and the cause remanded with directions to sustain appellant's demurrer to the evidence of appellee.