No. 19,570.

FRANK ATKINSON, *Appellee,* v. THE MISSOURI PACIFIC RAILWAY COMPANY, *Appellant.*

SYLLABUS BY THE COURT.

RAILROADS—*Contract to Maintain Farm Crossing without Gates —Contract Not Contrary to Public Policy, and Enforceable.* A contract between a railway company and a landowner for a farm crossing without gates, forming a part of the consideration for the railway right of way across the owner's land, is not contrary to the public policy of this state as indicated by its statutes and the contract may be specifically enforced by the landowner although he has had considerable trouble about cattle getting killed at the crossing and the

Atkinson v. Railway Co.

railway company desires to erect gates to avoid killing the plaintiff's cattle and to protect the public.

Appeal from Cowley district court; CARROLL L. SWARTS, judge. Opinion filed June 12, 1915. Affirmed.

*W. P. Waggener, A. E. Crane,* both of Atchison, and *Charles W. Roberts,* of Winfield, for the appellant.

*G. H. Buckman,* and *S. C. Bloss,* both of Winfield, for the appellee.

The opinion of the court was delivered by

BURCH, J.: The action was one to require the defendant to maintain an open farm crossing provided for under a contract whereby the predecessor of the defendant obtained its right of way across the plaintiff's land. The plaintiff recovered and the defendant appeals.

It is not necessary to discuss the evidence or the separate assignments of error relating to it. The contract with the owner of the land at the time the railroad was built was fully proved by the best evidence obtainable. Whether the person, whose name could not be recalled, but who acted for the railway company in procuring its right of way was authorized to do so or not, there is an abundance of evidence of unquestionable competency to show that the railway company settled the controversy respecting condemnation and acquired its right of way on the basis of the contract which he made with the landowner. The contract secured to the landowner the right to the open farm crossing which is the subject of this action. The railway company obtained no more than it paid for and the defendant acquired nothing its predecessor did not possess. The right to the open crossing passed to the plaintiff. He and his predecessor have been in full and open enjoyment of the right secured by the contract since 1887. Leaving out of account the contents of a

letter, proved by a method to which the defendant objects, the fact was established that the plaintiff resisted the only previous attempt to close the crossing which had been made and the defendant desisted and removed its gates. The right of the plaintiff is a valuable property right and the defendant is not at liberty to appropriate it without condemning and paying for it.

The defendant asserts that the contract was void as against public policy and that the peril to its trains incident to the maintenance of the open crossing made it a matter of duty to the public to close it.

The plaintiff testified that he had had considerable trouble about his cattle getting killed at the crossing. The court did not find from this testimony that the absence of gates at the crossing endangered traffic over the defendant's railroad to such an extent that gates were necessary for the protection of the public. The testimony is not sufficient for this court to find that an open crossing constitutes the equivalent of a public nuisance, and the legislature has declared no public policy making it the duty of railroads to maintain gates at farm crossings, in the interest of the general welfare.

It is perfectly true that the public welfare lies at the basis of the statute making railway companies liable for stock killed or injured on other than fenced track (Laws 1874, ch. 94, §§ 1, 5, Gen. Stat. 1909, §§ 7001, 7005), and at the basis of the fence law (Laws 1885, ch. 154, § 1, Gen. Stat. 1909, § 7076). But the statute relating to liability for stock killed or injured does not require fencing, and the duty to fence under the fence law does not arise except on demand of a landowner qualified to make the demand. (*Stanley v. Railway Co.*, 88 Kan. 84, 127 Pac. 620.) No statute has been called to the attention of the court which expressly or by implication forbids open farm crossings, and until such legislation appears on the statute book it can not

be said that such crossings are contrary to public policy or forbidden subjects of reasonable contract. The dictum of the commissioner writing the opinion in the case of *Mo. Pac. Rly. Co. v. Harrelson,* 44 Kan. 253, 255, 24 Pac. 465, to the effect that a railway company can not relieve itself of the obligation to maintain fences by contract, relates to instances in which the obligation has been imposed.

It is said that the court ought to have found that the purpose of the defendant in placing gates at the crossing was to avoid killing the plaintiff's stock and to protect the public. The fact may be conceded, but it does not authorize the defendant to invade a valuable property right of the plaintiff never condemned or paid for. It is a matter of common knowledge that contracts of the character of the one under consideration were very numerous in the early days of railroad building in this state. Claims for damages for the appropriation of land for right-of-way purposes were settled in whole or in part by guaranteeing landowners free communication between the portions of their divided farms. The law of 1874 and the law of 1885 permitted the practice. Some of these contracts may now be embarrassing to the railway companies but the court possesses no police power to override them.

The judgment of the district court is affirmed.