No. 22,776.

O. A. ABBEY, *Appellee,* v. CHARLES E. SCHAFF, as Receiver of the MISSOURI, KANSAS & TEXAS RAILWAY COMPANY, *Appellant.*

### SYLLABUS BY THE COURT.

1. LIVE STOCK—*Hogs Killed in Operation of Railroad—Remedy Under Both Stock Law and Fence Law.* An owner of land through or by which a railroad is built, may demand of the railroad company that it build hog-tight fences along the line of the railroad where he has complied with certain conditions of the statute, and if they are not built or if built are not maintained, and by reason thereof his hogs escape and are killed in the operation of the railroad, he may, in an action brought to recover the damages sustained, avail himself of the remedies of the stock law (Gen. Stat. 1915, §§ 8557, 8558), and also the fence law (Gen. Stat. 1915, § 8488).

2. SAME — *Negligence — Failure to Build Hog-tight Fence — Damages.* The evidence examined, and held to be sufficient to support the findings of the trial court as to the failure of the defendant to complete the inclosure and that plaintiff's animals were killed in the operation of the railroad.

3. SAME—*Action — Loss of Hogs Killed by Railroad — Attorney Fee.* Where the owner sues for the loss sustained by the killing of the hogs, before a justice of the peace, and a trial is had upon appeal in the district court, the plaintiff is entitled to recover reasonable attorney's fees for the prosecution of the suit in both courts.

4. SAME—*Evidence.* Error assigned on the admission of testimony is held to be immaterial.

Appeal from Linn district court; EDWARD C. GATES, judge. Opinion filed December 11, 1920. Affirmed.

*W. W. Brown, O. T. Atherton,* both of Parsons, and *John H. Crider,* of Fort Scott, for the appellant.

*John A. Hall,* of Pleasanton, for the appellee.

The opinion of the court was delivered by

JOHNSTON, C. J.: Plaintiff recovered a judgment for $105 against the railroad for the killing of five hogs, and defendant appeals.

The hogs were in inclosures adjoining the right of way of the railroad company. The testimony tends to show that the

lots in which they were kept were inclosed on three sides by a hog-tight fence, and as to one inclosure it appears that the fence built by the railroad company on the side next to the railroad, as hog-tight, was insufficient and that the hogs escaped through the defective fence. One of the animals escaped from an inclosure where the fence built by the railroad company was not a hog-tight one, but the agents of the company had made repeated promises from time to time that the fence would be built, and it appears that wire was obtained for that purpose, but it was not put on until after the animal was killed. Frequent notices had been given to the company that its part of the inclosures was insufficient, but the company failed to put the fences in the required condition until after the losses were sustained. It also appears that claims were made for damages which the defendant neglected to pay.

There is a complaint that incompetent evidence was received as to the claims for damages presented by plaintiff to the station agent of the defendant. The complaint is mainly based on the ground that some of them were in writing, that those in writing were not produced, and that the oral evidence of such claims was incompetent. There is nothing substantial in this contention. Those in writing were upon blanks furnished by the company, and at times they had no blanks on hand for that use. The written ones were in the hands of the defendant and necessarily plaintiff could not produce them. Besides there was other evidence, not contradicted, which tended to show that the defendant was given and had full knowledge of the claims. The case was tried by the court without a jury, and it is clear that the defendant suffered no prejudice on account of the character of the proof of claims presented by the plaintiff. The evidence also appears to have been adequate to support the findings of the court not only as to claims made but also that the losses were sustained through the shortcomings and negligence of the defendant.

The matter of demand by the plaintiff that fences be built along the right of way to complete one of the inclosures is not important, since it had been built by the defendant and had been allowed to be out of repair, and by reason of the defects the hogs escaped from the inclosure and were killed. (*Stanley*

v. *Railway Co.,* 88 Kan. 84, 127 Pac. 620.)   As to the other,. adequate proof of a demand was made.

There is a contention that plaintiff was not entitled to re- cover because his action was not based entirely on either the stock-liability statute (Gen. Stat. 1915, §§ 8557, 8558) or the one providing for hog-tight fences (Gen. Stat. 1915, § 8488).. The former provides that the railway company shall be liable for animals killed or injured in operation of the railroad re- gardless of the negligence of the company.   There is a further provision that this liability will not attach where the railroad is inclosed with a good and lawful fence.   The latter act pro- vides for the building of hog-tight fences and the material and manner in which they shall be built to make them lawful fences.   The plaintiff was entitled to avail himself of the bene- fit of both statutes, and to claim damages because his hogs es- caped and were killed in the operation of the railroad by rea- son of the negligence of the defendant in failing to maintain a hog-tight lawful fence.   (*Stanley v. Railway Co.,* supra, and cases cited.)

It is urged that the proof is insufficient to show that the hogs were killed in the operation of the railroad, but an exam- ination of the evidence satisfies us that there is enough to sup- port the findings of the court.

An objection is made to the allowance of an attorney's fee. The statute provides that if the company fails to pay the value of animals killed or wounded, and suit is brought for a re- covery, the plaintiff may recover not only the value of the ani- mals killed or damages to those wounded, but also a reasonable attorney's fee for the prosecution of the suit.   No allowance was asked or made for the defense of the judgment on this appeal, but moderate allowances were made for the trial of the case before the justice of the peace, and in the district court. Under the statute, attorney's fees may not be allowed to plain- tiff in resisting an appeal in the supreme court (*K. P. Rly. Co. v. Wood,* 24 Kan. 619), but attorney's fees may be allowed to him for the prosecution of his suits in both the justice and the district courts.   (*Gulf Rld. Co. v. Shirley,* 20 Kan. 660.)

Finding no substantial error in the proceedings, the judg- ment is affirmed.