No. 30,888.

Alex M. Samuelson et al., *Appellants*, v. The Union Pacific Railroad Company, *Appellee*.

(18 P. 2d 122.)

Opinion filed January 28, 1933.

*Clyde P. Cowgill*, of Topeka, for the appellants.

*T. M. Lillard*, *Bruce Hurd* and *O. B. Eidson*, all of Topeka, for the appellee.

The opinion of the court was delivered by

Smith, J.: This was an action for damages for the death of a child by being run over by a train. Judgment was for defendant. Plaintiff appeals.

The petition alleged that the line of defendant's road ran by land owned by plaintiff; that the land owned by plaintiff was adjacent to the line of defendant and that a twenty-one-months-old child of plaintiffs was on the right of way of defendant and was run over and killed by a train. The petition further alleged:

"That said plaintiffs had inclosed a part of their land with a hog-tight fence, and had inclosed a part of it with a legal fence.

"That after plaintiffs had inclosed a part of their land with said fences as aforesaid they demanded of said defendant that it inclose its line next thereto with a hog-tight fence.

"That a part of the fence which plaintiffs had constructed on their land went up to and adjoined the said defendant's right of way.

"That after plaintiffs had demanded of the defendant that it build the said fence as aforesaid, the said defendant negligently failed and refused to build either a hog-tight fence, a legal fence or any other kind of a fence along its right of way adjoining plaintiffs' land."

Defendant moved to strike all the above language from the petition. This motion was sustained. From the order sustaining this motion, this appeal is taken.

It is conceded by all parties that the only ground of negligence by which appellants may hope to recover against appellee is that alleged with reference to the fence.

The statute upon which appellants depend is R. S. 66-308. It is as follows:

"Any person, persons or corporations owning land by or through which any railroad or any electric interurban line has been or may be constructed, who has inclosed or may inclose the same or any part thereof, and adjacent to the line of such railroad or interurban line, with either a lawful fence or a hog-tight fence, may demand of such railroad or interurban company that it inclose its line next thereto with a lawful fence or a hog-tight fence corresponding in class of fence to that maintained by the owner, and maintain the same."

Appellants urge that if they have any of their land inclosed with a hog-tight fence, whether it is anywhere near the railroad track or not, they may compel the railroad company to build a hog-tight fence along its right of way. Their theory is that had the railroad built the hog-tight fence, as demanded, the child could not have wandered onto the track and would not have been killed. They argue that the words "adjacent to the line of such railroad" mean in the neighborhood of it. Appellee urges that what the statute means is that the landowner must have inclosed land on three sides, so that the building of the fence by the railroad company will complete the inclosure, before the landowner may demand that the company construct the same type fence that he has constructed.

In *Mo. Pac. Rly. Co. v. Harrelson*, 44 Kan. 253, 24 Pac. 465, the court considered the constitutionality of this statute. It was urged that it was unconstitutional because it was for the benefit of the landowners alone. The court held that it had a threefold object— the protection of the landowner, the railroad and the traveling public.

In *Stanley v. Railway Co.*, 88 Kan. 84, 130 Pac. 659, the court considered this statute, and treated it as though the duty was only on the railway company to fence its right of way when such fence was necessary to complete an inclosure.

In *Atkinson v. Railway Co.*, 95 Kan. 828, 140 Pac. 430, the court had this statute under consideration and stated that the duty to fence under the fence law does not arise except on demand of a landowner qualified to make the demand.

In *Abby v. Railway Co.*, 108 Kan. 85, 194 Pac. 190, the court

considered the liability of the company for damages to hogs which had escaped from an inclosure due to inadequate fencing by the company. The syllabus in that case is .as follows:

"The evidence examined, and held to be sufficient to support the findings of the trial court as to the failure of the defendant to complete the inclosure, and that plaintiff's animals were killed in the operation of the railroad."

These cases show that from its inception the courts have held the theory of the act to be that where a farmer desired to fence his farm the duty was on the railroad company to complete the fence after the landowner had completed his part. To hold otherwise would render the act meaningless. If it meant that only the side of the farm, not the right of way, need be fenced, then no protection to either the traveling public, the railroad or the farmer would be afforded. The stock would simply wander around the end of the fence and go upon the right of way. The same reason applies with equal force to the duty of the railroad company to build a hog-tight fence.

The duty only arises when the building of a fence of this type will complete an inclosure by a fence of similar type. · It appears from the allegations of plaintiff's petition that plaintiffs had not built sufficient hog-tight fence so that the fencing of the right of way would .complete an inclosure. Since this is true, the petition did not contain allegations that entitled him to demand the building of a hog-tight fence. The language in question was therefore properly stricken out of the petition.

The judgment of the trial court is affirmed.

THIELE, J., not participating.