No. 40,773

Sanford Atkinson, *Appellee*, v. Guy A. Thompson, Trustee of the Missouri Pacific Railroad Company, *Appellant*.

(320 P. 2d 850)

Opinion filed January 25, 1958.

*Ralph M. Hope*, of Wichita, argued the cause, and *D. Arthur Walker*, of Arkansas City, *W. F. Lilleston, George C. Spradling, Henry V. Gott, George Stallwitz, Richard W. Stavely*, and *Charles S. Lindberg*, all of Wichita, were with him on the briefs for the appellant.

*Stewart S. Bloss*, of Winfield, argued the cause and was on the briefs for the appellee.

The opinion of the court was delivered by

Parker, C. J.: Plaintiff brought this action to recover the value of a cow killed by one of defendant's trains on an open private railroad crossing, without fence or gates, located on his farm in

Cowley County. Plaintiff recovered and the defendant appeals.

In view of the question presented on appeal the pleadings are not involved and all that need be said regarding them is that they join issue as to whether, under a stipulation of facts on which the case was submitted by agreement to the court below for decision, plaintiff was entitled to judgment.

The stipulation of facts on which the case was tried by the court reads:

"1. Plaintiff is the owner and occupant of the East Half (E½) of Section Twenty-four (24), Township Thirty-two (32) South, Range Five (5) East of the 6th P.M. in Cowley County, Kansas, and acquired title thereto from his father, Frank Atkinson, who had acquired title thereto from Albert Bowles.

"2. Defendant's railroad runs through the above-described land near plaintiff's residence, barn, feed lots and other improvements thereon.

"3. Defendant acquired title to his right-of-way through said land by deed from said Albert Bowles, and in connection with the acquisition of said right-of-way said Albert Bowles and defendant's predecessor railroad company entered into a written contract providing for an open private crossing to be maintained by the railroad company over and across said railroad right-of-way and also for a closed crossing to be maintained over and across the same. The written contract so entered into became lost, but there is on file in the office of the Register of Deeds of Cowley County, Kansas, an affidavit executed by said Albert Bowles with reference to said contract and the terms thereof, a copy of which affidavit is hereto attached, marked Exhibit "A" and made a part hereof.

"4. The open private crossing involved herein and the contract providing for the same were also involved in the case of *Atkinson v. Railroad Company,* 95 Kan. 828, decided by the Supreme Court of Kansas.

"5. On the 28th day of August, 1953, defendant maintained as provided for by said contract an open private crossing without fence or gates over defendant's right-of-way and track which runs through plaintiff's said above-described land. The remainder of said right-of-way as it runs through plaintiff's said land was fenced, and on both sides of said crossing as it runs and exists across said right-of-way defendant has constructed wing fences and cattle guards to prevent stock from entering upon defendant's right-of-way from said private crossing, and said fences, wing fences and cattle guards were in existence and in good condition on said 28th day of August, 1953.

"6. On said 28th day of August, 1953, a four-year-old Hereford cow weighing approximately eleven hundred (1100) pounds owned by plaintiff was struck by one of defendant's eastbound trains while said cow was on said open private crossing and was fatally injured.

"7. Said cow was of the value of $225.00 immediately prior to its said fatal injury.

"8. Notice of said fatal injury of said cow and claim therefor in the sum of Two Hundred Twenty Five Dollars ($225) was made upon defendant by plaintiff in the manner required by law, and such claim was denied and disallowed by defendant."

So far as here pertinent Exhibit "A," referred to in the foregoing stipulation, recites:

"Affiant further says that at the time said right of way was purchased by said railroad company, and at the time said railroad was built across said Quarter Section, that there was a written contract entered into between this affiant, as the owner of said land, and The Denver, Memphis & Atlantic Railway, by its proper officers, by which it was agreed, in consideration of this affiant making a deed to said Railroad Company, or to such person as it should order for the right of way across said Quarter Section of land, and upon deduction by this affiant of certain damages which he claimed by reason of said right of way across said real estate, that at or near the place where the railroad left said Quarter Section, near the West line thereof, that there should be forever kept and maintained, an open crossing crossing said railroad, for the use and accommodation of this affiant and the persons to whom he might thereafter sell said real estate; that said open crossing was to be forever maintained so long as said railroad and roadbed was located across said Quarter Section; that said open crossing was to cross said railroad just to the west side of what was then used as a corral on said land, and it was also agreed in said written contract, that just at the east side of said corral, and being about thirty rods to the east of where the open crossing was to be left, that there should also be another crossing, which was to be a closed crossing, and that said crossing was to be forever maintained by said railroad company."

Following submission of the cause in form and manner as heretofore indicated the trial court took the case under advisement and ultimately rendered judgment in favor of plaintiff and against the defendant for the value of the cow and an attorney fee, all as claimed in the petition. Thereupon defendant perfected the instant appeal and brought the case to this court where the only error specified is that, under the facts on which the case was submitted, the judgment of the trial court is contrary to law.

At the outset it may be stated that, notwithstanding differences in phraseology, it is clear from an examination of statements made by the parties in their briefs that they are agreed the sole question involved in this case is whether, in the absence of negligence and under the facts as stipulated, the railroad company is liable for the loss of a cow, killed by a train on an open private crossing which, by written contract and final decree of this court, it was precluded from enclosing with either fences or gates.

The railroad stock law of 1874, particularly provisions thereof that are now to be found in G. S. 1949, 66-295 and 66-299, provides that a railroad company shall be liable to pay the owner of every animal killed by its trains with the single exception that the act shall not apply to any such company whose road is enclosed with

a good and lawful fence to prevent such animal from being on such road.

The gist of all arguments advanced by appellee in support of the judgment in the case at bar is that since it appears from the stipulation of facts the private crossing at which the animal in question was killed was not enclosed by fences or gates the railroad was not enclosed with a good and lawful fence at that point, hence the appellant made itself liable to appellee under the provisions of the statute heretofore cited without pleading or proving negligence and regardless of the conditions and circumstances under which such crossing was in in that open condition.

It may be conceded pleading or proof of negligence is not required to make out a prima facie case against the appellant under the provisions of the involved statute but it does not follow, as appellee contends, appellant was liable fo the killing of the cow irrespective of the conditions and circumstances under which the crossing was in in its open condition. See the early case of *Union Pac. Ry. Co. v. Dyche,* 28 Kan. 200, where it is held that when it appeared from the testimony that the railroad was unfenced at the place of injury the burden of proof was on the railroad company to show that it was under no obligation to fence at such place and in the opinion (citing *A. T. & Santa Fe Rld Co v. Jones,* 20 Kan. 527) stated that while the language of the statute on its face required the enclosing of the entire line of road, the courts have interpolated certain exceptions upon its general language and have held that, where superior obligations forbid a fence, the provisions of such statute are inapplicable. Moreover, in decisions (*Stanley v. Railway Co.,* 88 Kan. 84, 86, 127 Pac. 620; *Atkinson v. Railway Co.,* 95 Kan. 828, 830, 149 Pac. 430) construing such statute this court has held that its terms and provisions do not require a railroad right of way to be fenced although they do make the railway company responsible for animals killed or injured by the operation of its railway, irrespective of negligence, except where the road is enclosed with a lawful fence.

In the instant case it appears from the stipulation of facts, in fact the appellee concedes, liability of the railroad for the killing of his cow is predicated solely upon the provisions of G. S. 1949, 66-295 and 66-299. In summarized fashion, from an examination of all matters and things therein referred to, it may be stated, it further appears from such stipulation that since 1887, and probably for

sometime prior thereto, appellee and his predecessors in title have been in full and open enjoyment of the right to the open farm crossing involved under the terms and provisions of a written contract; that this contract was the subject of litigation in *Atkinson v. Railway Co.*, supra, where it is held:

"A contract between a railway company and a landowner for a farm crossing without gates, forming a part of the consideration for the railway right of way across the owner's land, is not contrary to the public policy of this state as indicated by its statutes and the contract may be specifically enforced by the landowner although he has had considerable trouble about cattle getting killed at the crossing and the railway company desires to erect gates to avoid killing the plaintiff's cattle and to protect the public." (Syl.);

and that on the date appellee's cow was killed appellee was insisting, and still insists, upon full and strict compliance with the terms of such contract under the law established by this court in the decision from which we have just quoted.

From what has just been related, and following the rule, to which we have heretofore referred, that standing alone the terms and provisions of the involved statute do not require a railroad right of way to be fenced, it becomes obvious that the all decisive question involved in this lawsuit is whether appellee can require appellant to maintain an open private crossing on his land and at the same time mulct it in damages for its failure to enclose such crossing with fences and/or gates.

It would add nothing to our reports to here labor the numerous early decisions of this court dealing with the rights, duties and obligations of railroad companies with respect to fences for the protection of stock under the involved statute, or the divers other statutes of the state, dealing with such subject. It may be stated we have examined all cases cited by the parties, as well as many others that our own independent research at first made it appear might be in point, and have found no cases in this jurisdiction which can be regarded as controlling precedents. In our opinion, from the standpoint of closeness *Stovall v. Railway Co.*, 83 Kan. 735, 112 Pac. 740, comes the nearest to falling within that category. Even so, it must be conceded, the most that can be said for it is that it recognizes the view of this court that where the road of a railway company runs through a farm the owner thereof and such company may contract with each other respecting the type and character of fence required for the protection of stock; and that

having done so the landowner and his successors in right can not well insist thereafter that the company has violated its duty under the statutory provisions here involved (66-295 and 66-299) and make that alone the basis of recovery for the killing of a cow at an open private crossing, which is maintained in that form pursuant to the terms of their contract.

Having exhausted our decisions it may also be stated that we then turned to well-recognized legal treatises, textbooks and decisions from foreign jurisdictions for the purpose of determining what we have heretofore denominated the all decisive question in the case at bar. Again we are not inclined to spell out or detail what is said and held in the books. It suffices to say that after an extended examination of the authorities hereinafter cited we are convinced the rule, supported by the great weight of authority, is that the provisions of a statute requiring a railroad company to enclose its road with a good and lawful fence in order to avoid liability for the killing of livestock may be waived by the owner of the land through which the railroad runs, by contract, and that the effect of such waiver will be to relieve the company from liability for injuries or death to cattle happening in consequence of the fence not being constructed according to the requirements of the statute. We pause here to note that when carefully analyzed this rule, to which we adhere, simply means that, as between themselves, the owner and the company can contract and agree upon what is to be regarded as a good and lawful fence under the terms and provisions of the involved statute (66-295 and 66-299).

For authorities supporting the rule just stated, some of which concededly deal with different facts and circumstances but are nevertheless persuasive, see 74 C. J. S., Railroads, pp 662, 1160, 1189 §§ 181, 561, 592; 44 Am. Jur., Railroads, p. 372 § 157; 3 Elliott on Railroads [3rd Ed.], pp. 638, 641, 644, 654, 672 §§ 1703, 1704, 1705, 1708, 1716; 3 Shearman & Redfield on Negligence [Rev. Ed.], p. 1042 § 428; *Enright v. S. F. & S. J. R. R. Co.*, 33 Cal. 230, 236; *Whittier v. C., M. & St. P. R'wy Co.*, 24 Minn. 394; *Manwell v. The Burlington, C. R. & N. Ry. Co.*, 80 Iowa 662, 45 N. W. 568; *Hurd v. Rutland & Burlington Railroad Co.*, 25 Vt. 116; *Tyson v. The K. & D. M. R. Co.*, 43 Iowa 207; *The Terre Haute & Richmond Railroad Co. v. Smith*, 16 Ind. 102; *Ells v. Pacific Railroad*, 48 Mo. 231.

We think application of the foregoing rule to the facts of this

case makes it clear that appellee cannot require appellant to maintain the open private crossing on his land, under the terms of the involved contract, and at the same time hold it liable in damages for the killing of his cow because of its failure to fence such crossing.

What has been heretofore stated and held compels the conclusion the facts as stipulated do not permit or warrant the judgment. It follows such judgment must be reversed with directions to set it aside and render judgment in favor of the appellant.

It is so ordered.