## Cox v. The Burlington and Western Railway Company.

1. **Railroads:** INJURY TO MARE AT CATTLE-GUARD: EVIDENCE TO
SUPPORT VERDICT. Plaintiff sues for the value of a mare which
was found lying about six feet from a cattle-guard on defendant's
road, so seriously injured that she died the next day. The jury
found that she was struck by a train, or frightened by an engine so
that she ran into the cattle-guard, and so was injured. The evi-
dence to sustain such finding was all circumstantial (see opinion),
while defendant's employes testified that no such accident occurred.
*Held* that, while the preponderance of the evidence, as it appears
in print, seems to be against the finding of the jury, yet this court
cannot say that the jury was not warranted in so finding, nor that
the trial judge erred in overruling a motion for a new trial; since
they saw and heard the witnesses, and were better able to judge of
the weight that should be given to their testimony.

2. **Verdict:** FOR MORE THAN CLAIMED: PLEADING AND PRACTICE.
Where only one hundred and forty dollars was claimed, a verdict
for one hundred and fifty dollars was not authorized; but when
defendant moved to reduce the verdict to one hundred and forty
dollars and interest, and the interest was about ten dollars, judg-
ment should have been entered for one hundred and fifty dollars;
and it was error to allow plaintiff, after verdict, to file an amend-
ment to his petition alleging his damages to be one hundred and
fifty dollars, instead of one hundred and forty dollars, the amount
originally claimed.

*Appeal from Mahaska District Court.*—HON. DAVID
RYAN, Judge.

FILED, MAY 16, 1889.

THIS is an action at law to recover damages for the
alleged killing of a mare, the property of plaintiff, by
one of the trains of the defendant, while operating its
railroad. There was a trial by jury, and a verdict and
judgment for the plaintiff. Defendant appeals.

*Geo. W. Lafferty, W. L. Cooper* and *W. D. Eaton,*
for appellant.

*Bolton & McCoy,* for appellee.

ROTHROCK, J.—I. On the first day of December, 1886, the plaintiff's mare was turned into an enclosure through which the defendant's railroad was constructed and in operation. The railroad right of way was not fenced. On the next day the animal was found in the field, some distance from the railroad track, with her left hind leg broken, a bruise behind her left fore leg, and a bruise on her head. She was taken to plaintiff's barn, and died on the next day. The ground was covered with snow at the time, to the depth of about one foot. An investigation was at once made to ascertain the cause of the injury. She was tracked back to a point opposite a cattle-guard in the railroad, where it was discovered that she had either fallen or been thrown by one of the defendant's locomotive engines. It is claimed by the plaintiff that the mare was struck by an engine approaching the cattle-guard and carried along to the guard, and thrown off to one side. The defendant denies that the animal was struck by a train, or that she was frightened by an engine and ran into the cattle-guard, and strenuously contends that the evidence was insufficient to authorize a finding by the jury that the accident was caused by the operation of its road. This is the ground upon which a reversal of the judgment is demanded. It is not to be denied that a careful examination of all the evidence leaves the mind in doubt upon the question. The jury were authorized to find from the evidence that the injured leg was not merely fractured. All of the witnesses who examined it stated that it was ground up between the pastern joint and the knee. One witness described it in this language: "The left hind leg, between the pastern and knee, was all mashed up. I just took hold of the foot, and could turn it round any way. It was just ground up." There are but two causes to which the injuries can, with any fairness, be attributed,—one, that the animal was struck by a train; and the other, that she ran into the cattle-guard. The manner in which the leg was injured is not

1. RAILROADS: injury to mare at cattle-guard: evidence to support verdict.

Cox v. The Burlington & W. Ry. Co.

consistent with the theory that it was caused by jumping into the cattle-guard. There is a conflict in the evidence as to the distance from the cattle-guard at which the imprint of the animal in the snow was found. All of the witnesses agree that it was nearly opposite the end of the guard, but they differ in their estimate of the distance. The track and cattle-guard were elevated slightly above the ground on each side. We think the jury was warranted in finding that the bed made by the animal in the snow was six feet distant from the cattle-guard. Between that point and the guard there were no tracks or marks. The absence of tracks or marks, or other evidence of a struggle of the animal at the guard, would indicate rather that she was pitched or thrown into the snow by an engine than that she fell into the guard and extricated herself. The plaintiff testified as a witness in his own behalf, and stated that he saw the tracks of the animal at some distance back of the cattle-guard, and that he followed the tracks between the rails up to the guard. This fact is inconsistent with the theory that the mare was struck by an engine and carried, or dragged, and thrown off at the point opposite to the culvert. Then, again, some three witnesses testified that there were tufts of hair found along inside one of the rails of the road for some distance back from the culvert, and that in color the hair corresponded with the color of the hair on the mare's legs. As there were other horses in the field, this would indicate that the tracks leading up to the culvert were not made by the mare in question. Hair was found on the cattle-guards. This last fact does not in our opinion necessarily establish the theory of defendant that the mare jumped into the cattle-guard. There remains the unaccountable fact that there was no evidence of a struggle at the guard,—no marks at that point, except the hair on the guard; and it is difficult to account for the hair being found on the inside of the rail approaching the cattle-guard. The theory of the defendant, that another engine, which went along the

road afterwards, in the opposite direction, picked up the hair and distributed it along the rail, does not strike us as plausible.

There are other facts in the case, of minor importance, which we need not set out nor discuss. Our conclusion is that the jury were authorized in finding that the injury occurred by reason of contact with a train in some way. If the injury was inflicted by a train, it was done in the night. The engineer and fireman of the train which passed over the road both testify positively that the train did not strike an animal at or near the cattle-guard, and that no animal was frightened by the engine and ran into the guard. Defendant insists that, with this positive evidence, the jury should have found for the defendant. As we look at the cold facts of the case upon paper, we are free to say that if we were trying it anew, and determining it from the preponderance of the evidence, we would promptly reverse the judgment. But we cannot put ourselves in the place of the jury and the learned judge of the court below. Every witness who comes upon the stand has a presence, so to speak. There is the manner, the demeanor, the hesitancy or fluency with which he testifies, and, above all, the expression of face or countenance, which often produce a conviction that he is truthful, or, on the contrary, causes doubt as to his veracity. All this evidence, and all these aids to the ascertainment of the truth, passed the scrutiny of the learned district judge in a motion to instruct for the defendant, and in a motion for a new trial, and we cannot say that he erred.

II. The plaintiff alleged in the petition that the mare that was injured was of the value of one hundred and forty dollars. Double damages were claimed, under the statute, but there was no proof of notice having been served as required by law, and the court instructed the jury that double damages could not be allowed. The jury were not instructed to add interest to the value

2. VERDICT: for more than claimed: pleading and practice.

of the animal. The verdict was for one hundred and fifty dollars. It was returned on the fourteenth day of March, 1888. Two days afterwards the plaintiff moved the court to add to the verdict returned interest at six per cent. per annum from the time of the injury. This motion was sustained, and judgment was rendered for $161.55. On the same day defendant moved the court to reduce the verdict to one hundred and forty dollars, and that judgment be rendered for that amount, with interest from the time plaintiff's claim became due. This motion was overruled. The plaintiff on the same day filed an amendment to his petition, in which he alleged that said mare was worth one hundred and fifty dollars instead of one hundred and forty dollars, as alleged in the original petition. Objections to this amendment were overruled. The defendant now asks that the judgment be reduced to one hundred and fifty dollars. These subsequent proceedings were certainly very irregular. The plaintiff was not entitled to a verdict for more than one hundred and forty dollars. But defendant conceded by its motion that he was entitled to interest on that amount. This would make about one hundred and fifty dollars. The judgment should have been entered for that amount. The filing of an amendment to the petition after verdict, increasing the amount claimed, ought not to have been allowed. The judgment will be modified by reducing the same to one hundred and forty dollars, which will draw interest at six per cent. per annum from March 14, 1888.

MODIFIED AND AFFIRMED.