## ST. LOUIS, IRON MOUNTAIN & SOUTHERN RAIL-
## WAY CO. *v.* WYNNE.

**ERROR TO THE SUPREME COURT OF THE STATE OF ARKANSAS.**

No. 103.   Submitted December 14, 1911.—Decided April 15, 1912.

A state statute which attaches onerous penalties to the non-payment
of extravagant demands denies the due process of law guaranteed
by the Fourteenth Amendment.

The statute of Arkansas of 1907, Act 61, providing that railroad
companies must pay claims for live stock killed or injured by their
trains within thirty days after notice and that failure to do so shall
entitle the owner to double damages and an attorney's fee, even if
the amount sued for is less than the amount originally demanded,
as construed by the Supreme Court of that State, is unconstitu-
tional as a denial of due process of law under the Fourteenth Amend-
ment.

*Quære:* and not decided whether the statute is unconstitutional as
denying due process of law even where the original demand is
sustained.

90 Arkansas, 538, reversed.

THE facts, which involve the constitutionality under
the due process and equal protection clauses of the Con-
stitution of a statute of the State of Arkansas imposing
double liability in certain instances upon railway cor-
porations, are stated in the opinion.

*Mr. W. E. Hemingway* and *Mr. E. B. Kinsworthy* for
plaintiff in error:

The statute and judgment deprive plaintiff in error of
its property without due process of law and are un-
constitutional as they require payment of double dam-
ages and an attorney's fee, merely because the company
failed to pay an unliquidated demand, with respect to

which there were *bona fide* and substantial doubts as to the extent of the damage and as to its liability.

The mere fact that the horses were killed by the train, did not establish the railway's liability. And if it was liable for any amount, it could not exceed the reasonable market value of the horses killed.

The law not only recognizes a defense, but it maintains courts to entertain and try it. The railway company, in failing to pay the claim, and in submitting to the courts the question of its liability, acted entirely within its lawful rights.

As the statute provides heavy penalties against railway companies that are not provided against others, for a mere failure to pay a disputed claim; and as no penalty is imposed on a claimant who presents a demand against a railway that is invalid or excessive; and as the heavy penalty of double damages and attorney's fee was designed, and is calculated to deter railways from exercising their lawful right, to defend any doubtful claim, and to coerce the payment of all claims, whether fair or unfair, unless their invalidity be obvious or certainly demonstrable, such discrimination and designed coercion operate to deny to railways the equal protection of the laws.

A penalty, in excess of costs and reasonable expenses, cannot be imposed for a complete failure to make good a defense against an ordinary indebtedness. But even if so, no penalty is proper for failing to pay, and contesting in court a claim which such contest proves to have been excessive. *Pacific Mut. Life Ins. Co.* v. *Carter*, 92 Arkansas, 378, 387; *Gulf, Colo. &c. Ry. Co.* v. *Ellis*, 165 U. S. 150; *Atchison, Topeka & Santa Fe Ry.* v. *Mathews*, 174 U. S. 96.

The case of *Seaboard Air Line* v. *Seegers*, 207 U. S. 73, is distinguished, as in that case the statute imposed only a penalty of fifty dollars, and was not primarily to enforce the collection of a debt, but to compel the performance of duties which the carrier assumed.

The state court did not sustain the penalty on the ground that it was intended to enforce performance of a duty under a police regulation, and the penalty attacked is the one conditioned upon the breach of no duty whatever, except the duty to pay a disputed claim, which, from its nature, is necessarily unliquidated as to amount, and with respect to which delay in payment may often be, not only reasonable, but necessary.

The statute is invalid because it was designed and is calculated, by its heavy penalties, to deter railroads from contesting any claim fairly involved in doubt, either with respect to liability or the amount of damage, and to coerce the payment of all such claims; in this respect it denies to railroads the equal protection of the law. *Ex parte Young*, 209 U. S. 123, 145.

The practical effect of the statute is to impose absolute liability, and, in effect, to deny the right to defend.

The statute denies the railways the equal protection of the law, since they are penalized for making the same defense that all other persons can make without risk of penalty, and for the further reason, that claimants who present unfounded or excessive claims and press them to an unsuccessful termination, incur no penalty and in no way compensate the road for its expense, trouble and cost. *Fidelity Mut. Life Ass.* v. *Mettler*, 185 U. S. 308; *Minn. Ry. Co.* v. *Beckwith*, 129 U. S. 96, do not apply.

*Mr. R. E. Wiley,* and *Mr. Powell Clayton* for defendant in error:

The statute does not permit the owner to demand an amount clearly excessive and to refuse to accept anything less until he brings his suit, and then, by reducing his demand in his complaint to a reasonable sum, fasten an absolute liability upon the defendant for the penalty without giving it an opportunity to contest its liability, although it had succeeded in its contention

that it was not liable for the full amount originally demanded. Statutes must be interpreted, if possible, to make them consistent with the Constitution. *Hooper* v. *California*, 155 U. S. 648, 657; *Presser* v. *Illinois*, 116 U. S. 252, 269; *Grenada County* v. *Brown*, 112 U. S. 261, 269; *Brewer* v. *Blougher*, 14 Pet. 178, 198; *United States* v. *Coombs*, 12 Pet. 72; *Parsons* v. *Bedford*, 3 Pet. 433, 448; *Knight's Templars' Ind. Co.* v. *Jarman*, 187 U. S. 197, 205.

The true construction of the statute is that the railroad must have thirty days' notice of the killing of the stock, and within this thirty days it must pay the true value on demand. If the demand for the amount due is made for the first time in the complaint, then the railroad may defeat a recovery of the penalty by paying the amount sued for.

A railroad company has the right to resist a demand that it does not owe, but the demand is always governed by the allegations of the complaint, and not by any prior negotiations between the parties, and the jury in the case at bar has determined that the plaintiff in error did owe the amount demanded. *Pacific Mut. Life Ins. Co.* v. *Carter*, 92 Arkansas, 379; *Haglin* v. *Atkinson-Williams Hardware Co.*, 93 Arkansas, 85, do not apply, as the amount recovered in each instance was less than the amount demanded in the complaint.

The statute, as properly construed, is not in conflict with the Fourteenth Amendment. *Seaboard Air Line Railway* v. *Seegers*, 207 U. S. 73; *Minn. & St. Louis Ry. Co.* v. *Beckwith*, 129 U. S. 26.

Under the statute there can be no recovery unless the company is negligent, but in order to justify a recovery of the double damages there must be, not only negligence in killing the stock, but also a refusal to respond for the actual damages suffered. *Atchison, Topeka &c. R. R. Co.* v. *Matthews*, 174 U. S. 96; *Fidelity Mutual Life Ass.* v. *Mettler*, 185 U. S. 308.

The penalty is not so heavy as to deter the railroad company from contesting a claim, and thus denying to it the equal protection of the law. *Missouri Pacific Ry. Co.* v. *Humes*, 115 U. S. 512, where the penalty was double the amount of damage done; *Minneapolis & St. Louis Railway Co.* v. *Beckwith*, 129 U. S. 26, where the penalty was for double the value of the stock killed or injured; *Seaboard Air Line* v. *Seegers*, 207 U. S. 73, where the penalty was for many times the amount of the damage.

Railroads are proper subjects of classification with respect to the matters contained in the statute. *Missouri Pac. Ry. Co.* v. *Humes*, 115 U. S. 512; *Missouri Pac. Ry. Co.* v. *Mackey*, 127 U. S. 205; *St. Louis, I. M. & S. Ry. Co.* v. *Paul*, 173 U. S. 404; *Farmers' &c. Ins. Co.* v. *Dobney*, 189 U. S. 301; *Missouri, Kan. & Tex. Ry. Co.* v. *May*, 194 U. S. 267.

MR. JUSTICE VAN DEVANTER delivered the opinion of the court.

A statute of the State of Arkansas (Laws of 1907, Act 61), relating to the liability of carriers by railroad for live stock killed, wounded or injured by their trains, contains this provision:

"And said railroad shall pay the owner of such stock within thirty days after notice is served on such railroad by such owner. Failure to do so shall entitle said owner to double the amount of damages awarded him by any jury trying such cause, and a reasonable attorney's fee. *And provided further*, that if the owner of such stock killed or wounded shall bring suit against such railroad after the thirty days have expired, and the jury trying such cause shall give such owner a less amount of damage than he sues for, then such owner shall recover only the amount given him by said jury and not be entitled to recover any attorney's fees."

The owner of two horses, which were killed within the State by a train of a railway company, served upon the company a written notice demanding damages in the sum of $500. The company refused to pay the demand, and after the expiration of thirty days the owner brought suit in a court of the State to recover his damages, alleged in the complaint to be $400. A trial to a jury resulted in a verdict for the owner, assessing his damages at the amount sued for, and the court, deeming the statute applicable, gave judgment for double that amount and for an attorney's fee of $50. The company objected that the statute, as thus applied was repugnant to the due process of law clause of the Fourteenth Amendment to the Constitution of the United States, but the objection was overruled, and on appeal to the Supreme Court of the State the judgment was affirmed. 90 Arkansas, 538. The case is here on a writ of error to that court.

It will be perceived that, while before the suit the owner demanded $500 as damages, which the company refused to pay, he did not in his suit either claim or establish that he was entitled to that amount. On the contrary, by the allegations in his complaint he confessed, and by the verdict of the jury it was found, that his damages were but $400. Evidently, therefore, the prior demand was excessive and the company rightfully refused to pay it. And yet, the statute was construed as penalizing that refusal and requiring a judgment for double damages and an attorney's fee. In other words, the application made of the statute was such that the company was subjected to this extraordinary liability for refusing to pay the excessive demand made before the suit.

We think the conclusion is unavoidable that the statute, as so construed and applied, is an arbitrary exercise of the powers of government and violative of the fundamental rights embraced within the conception of due process of law. It does not merely provide a reasonable

incentive for the prompt settlement, without suit, of just
demands of a class admitting of special treatment by
the legislature, as was the case with the statute considered
in *Seaboard Air Line Railway Co.* v. *Seegers,* 207 U. S. 73;
but attaches onerous penalties to the non-payment of
extravagant demands, thereby making submission to
them the preferable alternative. Thus, it takes property
from one and gives it to another, not because of a breach
by the former of a duty to the latter or to the public, but
because of a lawful exercise of an undoubted right. Plainly
this cannot be done consistently with due process of law.
And, in principle, the Supreme Court of the State has
so held since its decision in this case. In *Pacific Mutual
Life Insurance Co.* v. *Carter,* 92 Arkansas, 378, that court
had occasion to consider a statute of the State providing
that if a loss under a policy of insurance was not paid
within the time specified, "after demand made therefor,"
the company should be liable, in addition to the amount of
the loss, to twelve per cent damages and a reasonable
attorney's fee. An insured demanded in payment of a
loss under such a policy the sum of $1,666.66, which the
insurance company refused to pay, and in a suit on the pol-
icy, wherein it was found that the loss was but $1,444.44,
the insured was awarded the statutory damages and an
attorney's fee. That part of the judgment was reversed,
and it was said (p. 387):

"But the act makes the company liable for failure to
pay the loss 'after demand made therefor.' The statute
thus contemplates that there shall be a demand. A re-
covery for penalty and attorney's fee cannot be had
when complainant makes demand for more than he is
entitled to recover. It could never have been the purpose
of the Legislature to make the insurance companies pay
a penalty and attorney's fee for contesting a claim that
they did not owe. Such an act would be unconstitutional.
The companies have the right to resist the payment of a

demand that they do not owe. When the plaintiff demands an excessive amount, he is in the wrong. The penalty and attorney's fee is for the benefit of the one who is only seeking to recover after demand what is due him under the terms of his contract, and who is compelled to resort to the courts to obtain it."

In the brief for the railway company the contention is advanced that the statute would still be wanting in due process of law were it construed as imposing double liability, with an attorney's fee, only where the prior demand is fully established in the suit following the refusal to pay; but that question does not necessarily arise upon the facts of this case, and we purposely refrain from considering it.

Confining ourselves to what is necessary for the decision of the case in hand, we hold that the statute, as construed and applied by the state courts, is wanting in due process of law and repugnant to the Fourteenth Amendment of the Constitution of the United States.

The judgment is accordingly reversed, and the case is remanded for further proceedings not inconsistent with this opinion.

*Reversed.*