STUPECK v. UNION PAC. R. CO.

(District Court, D. Colorado.   September 3, 1912.)

No. 5,924.

CARRIERS (§ 20*)—STATE REGULATION—COLORADO STATUTE—PENALTY FOR FAILURE TO SETTLE CLAIMS.

Rev. St. Colo. 1908, §§ 5513, 5514, which subject a railroad company to a penalty for failure to settle a claim against it for overcharge or loss or damage, cannot be construed to authorize the recovery of such penalty, where the claim as presented was largely in excess of the amount subsequently recovered by the plaintiff in an action thereon.

[Ed. Note.—For other cases, see Carriers, Cent. Dig. §§ 33–49, 133, 927; Dec. Dig. § 20.*]

At Law.   Action by Max Stupeck against the Union Pacific Railroad Company.   On demurrer to complaint.   Demurrer sustained.

Ewing Robinson, of Denver, Colo., for plaintiff.

Hughes & Dorsey and E. I. Thayer, all of Denver, Colo., for defendant.

POPE, District Judge.   A number of reasons for sustaining the demurrer have been urged upon the argument herein.   The court finds it unnecessary to pass on all of these.

This is an action under Rev. St. Colo. 1908, §§ 5513, 5514, to recover a penalty of $8,000 for failure to settle a claim against defendant, held by plaintiff; the penalty being for 80 months at the rate of $100 per month, as provided by the statute just mentioned. The original claim as presented to the railroad company is variously stated in the complaint as being $1,412.50, $1,682.80, and $1,792.72. In any event, however, the claim considerably exceeded the amount finally recovered, which was $1,211.60.   It was stated on the argument that some $800 of this last was principal, and the remainder interest, while the cause was in court.   Under any aspect, therefore, the demand made upon the defendant was greatly in excess of the amount which the judgment of the court declared to be its legal liability.   The effect of the statute, if given the construction contended for by plaintiff, is thus to penalize the defense of the company against what the result shows to have been an excessive claim, and is therefore repugnant to the fourteenth amendment of the Constitution. The case is thus controlled by St. Louis, etc., Railroad Co. v. Wynne, 224 U. S. 354, 32 Sup. Ct. 493, 56 L. Ed. 799, decided April 15, 1912.

The case of Seaboard, etc., Railway Co. v. Seegers, 207 U. S. 73, 28 Sup. Ct. 28, 52 L. Ed. 108, is relied upon by the plaintiff.   That was a case, however, in which the entire original claim seems to have been recovered.   It is noted and distinguished in the Wynne Case.

The demurrer will be sustained, and the petition dismissed.