CHARLES BINDER, Plaintiff and Appellee, v. CHICAGO & NORTH WESTERN RY. Co., Defendant and Appellant.

Railroads: INJURY TO LIVE STOCK: DOUBLE DAMAGES: NOTICE: STATUTE. The owner's right to recover actual damages for stock killed or injured upon a railway track, by reason of an insufficient right of way fence, exists independent of the statute authorizing recovery of double damages upon refusal to pay the actual loss after service of notice upon the company. The notice provided for in that statute simply lays the foundation for the owner's right to double damages, and it is his duty to state the amount of his loss accurately and in good faith that the company may know what his claim really is; and if in bad faith he fixes his loss in the notice at an exorbitant or unreasonable amount he cannot recover double damages, as that would permit him to penalize the company for refusal to pay an exorbitant demand.

**Same:** NOTICE OF CLAIM: TENDER. After laying the foundation for recovery of double damages by service of the statutory notice and fixing therein an exorbitant amount, it is not the duty of the railway company to tender to the owner of stock killed or injured the amount of his actual loss that it may escape the penalty; as that would be placing the burden upon the company, at its hazard, of determining the value of the owner's property and the extent of his injury.

**Same:** AMOUNT OF LOSS: GOOD FAITH CLAIM: EVIDENCE: SUBMISSION OF ISSUE. In this action the owner fixed the amount of his loss in the notice at $450 and there was evidence upon the trial in support of his claim, and by defendant that his loss was much less. *Held*, that the court erred in not submitting the good faith of plaintiff's claim to the jury.

**Same.** A demand for loss of this character may be so exorbitant as to amount to bad faith as a matter of law; as where the owner of stock killed gave notice that his loss was $450, whereas the jury found it to be only $275.

*Appeal from Story District Court.*—HON. C. G. LEE, Judge.

SATURDAY, DECEMBER 13, 1913.

ACTION to recover double damages for stock killed at a point where the defendant company had a right to fence. The defendant claimed that in the notice served by the plaintiff under section 2055 of the Code, the plaintiff, acting in bad faith, placed the amount of his loss at a sum so grossly exaggerated and so far in excess of the actual loss, and so far in excess of the amount allowed by the jury, that he cannot, as a matter of law, thereby penalize the defendant, or that the question of his good faith ought to be submitted to the jury. —*Reversed*.

*George A. Underwood, A. A. McLaughlin, George E. Hise* and *James C. Davis,* for appellant.

*C. M. Hall, E. H. Addison,* and *Ed. M. McCall,* for appellee.

GAYNOR, J.—September 1, 1911, the plaintiff, Charles Binder, filed in the Story county district court his petition, claiming $900 as double damages for the killing of two horses by the defendant railway, alleging the animals were upon the railway tracks by reason of defective right of way fence. Attached to the petition was a copy of a notice and affidavit in writing, served upon the defendant company more than thirty days prior to the bringing of the suit, in which the plaintiff states the value of the horses, at the time of the killing, to be $450. Defendant, in addition to a general denial, admitted the serving of the notice, and further "denied that said horses so killed and so injured were of the value of $450, and alleged that plaintiff's claim of $450 for the killing and injuring of said horses is a grossly exaggerated one; that such claim was not made in good faith, and was and is grossly excessive in amount, and same was made for the purpose of exacting from the defendant an excessive amount for the killing of said horses, and because of said claim being in bad faith and grossly excessive in amount, plaintiff will, in no event, be entitled to recover double damages in this case." Upon the trial of the cause, the court refused to submit to the jury any question as to the good faith of the plaintiff in fixing the value of the animals at $450, and refused to submit to the jury, in any manner, the right of the plaintiff to recover double damages under the issues tendered by defendant. The jury found, under special interrogatories submitted, that the actual value of the animals at the time they were killed was $275, and thereupon returned a general verdict for the plaintiff of $550, and judgment was entered upon the verdict against the defendant, $550, and from this judgment the defendant appeals.

Upon this appeal no question is made by appellant as to the right of plaintiff to recover and have judgment for the actual value of the property as determined and found by the jury in its answer to the special interrogatory. The only question here for our determination is, whether or not the court erred in refusing to submit to the jury the question of

the good faith of the plaintiff in fixing the value of the property at $450 in the notice served by him, and upon which he predicates his right to double damages.

The statute authorizing the recovery of double damages in cases of this kind is section 2055 of the Code of 1897, which provides as follows:

Any corporation operating a railway, and failing to fence the same against live stock running at large and maintain proper and sufficient cattle guards at all points where the right to fence, or maintain cattle guards exists, shall be liable to the owner of any stock killed or injured by reason of the want of such fence or cattle guards for the full amount of the damages sustained by the owner on account thereof . . . and, to recover the same, it shall only be necessary for him to prove the loss of or injury to his property. If such corporation fails or neglects to pay such damages within thirty days after notice in writing that a loss or injury has occurred, accompanied by an affidavit thereof, served upon any officer or station or ticket agent employed by said corporation in the county where such loss or injury occurred, such owner shall be entitled to recover from the corporation double the amount of damages actually sustained by him.

1. RAILROADS: injury to live stock: double damages: notice: statute.

The defendant, at the conclusion of all the testimony, asked the court to submit to the jury several instructions upon the question of the good faith of the plaintiff in demanding more of the company than his property was actually worth, all of which were refused by the court, and no instructions involving the same thought were given to the jury. The instructions asked are as follows:

If you find from the evidence that plaintiff in his notice for double damage served on the defendant railway company claimed more than his said horses were worth, and that he made such claim with the purpose and intent of requiring the railway company to pay more for said horses than they were reasonably worth, and further find that such claim was made in bad faith, then you are instructed that plaintiff will in no event be entitled to recover double damages in this case.

If you find from the evidence that plaintiff knowingly demanded of defendant more than his horses were reasonably worth at the time they were killed, then you are instructed that his demand was made in bad faith, and that he will not be entitled to recover in this action, in any event, more than the reasonable value of the said horses at the time they were killed.

If you find from the evidence that the plaintiff, in his notice claiming double damages, fixed an unreasonable amount in stating the value of his horses, then, if you so find, plaintiff will not be entitled to recover, in this action, double damages.

If the plaintiff, in serving notice of his claim for double damages, in fixing the value of said animals at $450, fixed a sum unreasonably more than the fair market value of same, then in such event the plaintiff cannot recover more than the reasonable market value of the animals at the time they were killed.

The constitutionality of this statute authorizing the recovery of double damages was raised as far back as 1864, and it was contended that it deprived the defendant of property without due process of law, but this contention was held not to be good, it being held that the Legislature has power to fix the consequences attending the failure of a railway company to pay the actual value of property injured or destroyed as contemplated by the statute, and this is no longer a mooted question in this state. The purpose and object of this statute is to enable the party who suffered loss at the hands of a railway company, under circumstances suggested by the statute, to receive, from the company, compensation for the actual loss or injury done to him within thirty days from the time of the injury, if he so elected, and to impose upon the company a penalty for a failure to pay the amount of the actual loss or damage, within thirty days after receiving notice of the loss. It, therefore, becomes incumbent upon the plaintiff, if he desired to insist upon the penalty, to serve the notice upon the company provided for in the statute.

It must be borne in mind that the plaintiff's right to

recover the actual damages sustained by him exists independent of this provision of the statute which entitles him to double damages. The notice is the foundation of his right to double damages. It is served for the purpose of securing an adjustment of the actual damage within thirty days from the actual service of the notice, and is designed and enacted for the purpose of forcing the defendant company to pay the actual loss or damage within thirty days from the service of the notice, or submit to the penalty provided as a consequence of such failure. It is not enacted for the purpose of enabling the party injured to coerce the defendant company into payment of more than the actual loss, but for the purpose of bringing about a speedy adjustment and payment to the plaintiff of that which is actually due him. Therefore it is incumbent upon the plaintiff, when he serves the notice and makes his demand through the notice for an adjustment of the settlement, to state in good faith the amount of his damage, so that the company may know what his claim is. To hold that the plaintiff can fix his damage at any sum, however exorbitant or unreasonable, and demand of the company, through the notice, an adjustment and settlement of his loss at that amount, or be liable for double the actual amount due, is to hold that the plaintiff may, for instance, fix his damage at $500 when his actual loss is only $250, and demand of the company $500 in settlement of the claim, and if the company fails to pay the amount thus demanded within thirty days, he may sue for the actual value, to wit, $250, and recover the same with double damages, to wit, $500. No avenue of escape for the company. It must pay the full amount demanded, to wit, double the value of the property in the first instance, or pay it at the end of a lawsuit. It cannot settle with the plaintiff without paying double the amount of the loss. If it defends it pays double the amount of the loss, with costs added. Therefore the good faith of the plaintiff in his demand is a proper matter for the consideration of the jury in determining the question of double damages.

The plaintiff primarily is not entitled to double damages. The right rests on the statute. The right comes to him under the statute by virtue of the wrongful act of the defendant in withholding payment of the actual damages for thirty days after receiving notice thereof. To entitle him to double damages, he must lay the foundation by a compliance with the statute, and his right is primarily founded upon the wrongful conduct of the defendant in withholding payment of the actual damages for thirty days after notice and demand in writing. Therefore he must proceed in good faith to lay his foundation for the penalty which he seeks to recover.

There are many cases to the effect that penalties cannot be recovered unless the claimant has acted in good faith, and unless the facts upon which he predicates his right to the penalty are bottomed on good faith. One of these cases is *Jolley v. Railroad Company,* 119 Iowa, 491. This was an action for a statutory penalty. A railroad company refused to redeem certain unused tickets. It appeared that the plaintiff had purchased these tickets, not for use, but for the sole purpose of making demand for their redemption, and then suing for the statutory penalty in case the demand was refused. The court, in passing upon that question said: "We have no notion of aiding any one in any such enterprise as plaintiff embarked in. The remedy provided is for those purchasing tickets of passage in good faith and for actual use. The plaintiff was not one of this class. His scheme was to pervert a statute enacted for proper purposes, into an instrument of revenge, and by its use extort money, by way of penalty, in the absence of any wrong the lawmakers intended to remedy."

In the case of *Valleau v. C., M. & St. P. Ry. Co.,* 73 Iowa, 723, a case certified to this court as involving a question of law, the court said: "Where a party seeks to hold a railway company for double damages for failure to pay the value of the animal killed or injured . . . after the expiration of thirty days' notice . . . can he hold the company liable

for such double damages where he elects to fix the value of the animal killed at $60 in said notice and affidavit, and after the thirty days files his sworn petition, alleging the value of said animal to be $40?'' This court, answering the question, said: ''The mere fact that a greater amount is claimed in the notice than in the petition should not prevent a recovery, unless it was claimed in bad faith or for some fraudulent purpose. . . . The evidence is not before us, but it does appear that the affidavit was verified by an agent of the plaintiff, and the petition by the latter. Therefore there may have been an honest difference of opinion as to the value of the steer. But, be this as it may, we cannot say, as a matter of law, that the claim was made in bad faith because an amount greater than that stated in the petition was claimed therein. If the defendant conceived that the claim was made in bad faith, such fact should have been pleaded and issue joined thereon, and the same submitted to the jury.'' It will be noticed in this case that the defendant tendered no issue as to the bad faith of the plaintiff in demanding more in his notice than he sought to recover in the action.

The case of *St. Louis, Iron Mountain & Southern Railway Co. v. T. J. Wynne*, 224 U. S. 361 (32 Sup. Ct. 493, 56 L. Ed. 799), was a proceeding in error to the Supreme Court of the state of Arkansas, to review a judgment which confirmed a judgment of the circuit court of Desha, in that state, exacting double liability and an attorney fee from a railroad company for refusing to pay, within thirty days, a demand for the killing of live stock by one of defendant's trains. The Arkansas statute provided that the railroad company should pay the owner of the stock killed within thirty days after notice served upon the railroad company by such owner; that a failure to pay within the thirty days entitled the owner to double the amount awarded him by any jury trying the case, and a reasonable attorney fee, but that if he failed to recover the amount sued for, then he should only recover the amount given him by the jury. In that case, before the suit was com-

menced, the plaintiff served notice on the company, fixing his damage at and demanding of the company $500. This the company refused to pay. In the suit brought after the notice was served, he claimed $400, and the jury gave him $400. The court entered judgment for double the amount allowed by the jury. The Supreme Court of the United States, in passing upon this question, said:

Evidently, therefore, the prior demand was excessive and the company rightfully refused to pay it. And yet the statute was construed as penalizing that refusal and requiring a judgment for double damages and an attorney's fee. In other words, the application made of the statute was such that the company was subjected to this extraordinary liability for refusing to pay the excessive demand made before the suit. We think the conclusion is unavoidable that the statute, as so construed and applied, is an arbitrary exercise of the power of government, and violative of the fundamental rights embraced in the conception of due process of law. It does not merely provide a reasonable incentive for the prompt settlement, without suit, of just demands, . . . but attaches onerous penalties to the nonpayment of extravagant demands, thereby making submission to them a preferable alternative. Thus it takes property from one and gives it to another, not because of a breach by the former of a duty to the latter or to the public, but because of a lawful exercise of an undoubted right. Plainly this cannot be done consistently with due process of law, and, in principle, the Supreme Court of the state has so held since its decision in this case.

In the case of the *Pacific Mutual Life Insurance Co. v. Carter*, reported in 92 Ark. 378 (123 S. W. 384) (opinion handed down by the Supreme Court of Arkansas, November 29, 1909), the plaintiff sought to recover on a policy providing for the payment of one-third of $5,000 if the assured should become permanently or totally blind in either eye. It appears that at the time the policy was issued the defendant was a brick contractor, and warranted himself as such, and as superintending such work. It appears that at the time he received

the injury he was engaged in a more hazardous occupation than that stated in the policy, and that by the terms of the policy, if the injury came about while he was engaged in a more hazardous occupation than the one in which he was engaged at the time the policy was issued, then, instead of being entitled to one-third of the $5,000, he was entitled to only $1,444.44 for the same injury. It appears that he demanded one-third of $5,000. It appears that he sued the company for one-third of $5,000, or $1,666.66; that the evidence showed he was entitled to recover only the $1,444.44. At the conclusion of the evidence the plaintiff requested and the court directed a verdict for the plaintiff for $1,444.44, together with a penalty of 12 per cent. and attorney's fees for the failure of the defendant to pay that amount to the plaintiff, though more was demanded in the notice. The Supreme Court of Arkansas, in passing upon the action of the lower court in assessing the penalty, said:

The court has declared valid the statute allowing a penalty and attorney's fees as against insurance companies. . . . But the act makes the company liable for failure to pay the loss 'after demand made therefor.' The statute thus contemplates that there shall be a demand. A recovery for penalty and attorney's fee cannot be had when complainant makes demand for more than he is entitled to recover. It could never have been the purpose of the Legislature to make the insurance companies pay a penalty and attorney's fees for contesting a claim that they did not owe. Such an act would be unconstitutional. The companies have the right to resist the payment of a demand that they do not owe. When the plaintiff demands an excessive amount he is in the wrong. The penalty and attorney's fee is for the benefit of the one who is only seeking to recover, after demand, what is due him under the terms of his contract, and who is compelled to resort to the courts to obtain it. The appellee by asking judgment for $1,444.44 conceded that he was demanding more in his complaint than he was entitled to receive. The judgment for the penalty and attorney's fee is therefore set aside, and the judgment of the circuit court will be affirmed for

$1,444.44, with interest from the date of judgment at 6 per cent.

The statute under consideration awards double damages to one who is only seeking to recover, after notice, what he is legally entitled to under the statute, to wit, the fair and reasonable market value of the property lost or injured, and when he demands more than that, as a basis for, or an inducement to, settlement before suit, he is in the wrong. He has demanded of the company more than, under the law, he is entitled to receive, and the company ought not to be penalized for contesting wrongful or exorbitant demands. The demand is the basis of the right to recover double damages, and therefore good faith is required in making the demand. The policy and object of the law is to require the companies, within thirty days, to pay the actual damages without litigation, or suffer the penalty. The company is always liable for the actual damages. The penalty attaches for failure to pay within thirty days after notice, and therein appears the necessity for an honest demand and an honest statement of the amount of the loss.

It is argued that the company might, within the thirty days, have tendered to the plaintiff the actual damages, and thereby escape the penalty. This is placing the burden on

2. SAME: notice of claim: tender.

the defendant to determine, at its hazard, the value of the plaintiff's property, or the extent of the injury thereto. If defendant should make an honest tender, and in good faith offer to pay the actual value of the property as ascertained by it, even after most diligent inquiry, yet if the jury upon the trial found the value of the property one cent more than was thus tendered by the company, the defendant would be liable for the penalty under this construction of the statute, notwithstanding defendant's good faith and honest purpose.

Further, the plaintiff is in a far better position to know the value of his property and the extent of his injury. At least, it is not unfair to him to hold that he should act hon-

estly, and that he should in good faith state such loss before suit as a basis for double damages if he wishes to recover the penalty. He loses nothing by a failure to prove a grossly exaggerated demand except the penalty, and, to recover the penalty he must lay the foundation for such a recovery by in good faith stating the amount of his loss that it may be adjusted by the company without suit, and without penalty and costs. A tender by the company is necessary to escape costs, but not to escape the penalty.

The plaintiff demanded in his notice, as a basis of adjustment before suit, $450, and impliedly stated that that was the actual damage he had sustained. The jury found the value of the property or the damage thereto, to be $275, and, for the purpose of this case, that must be assumed to be the amount of plaintiff's damage.

It is contended, however, that there is no proof of bad faith; that the plaintiff sued for the amount demanded in his notice; that as a witness for himself he testified that was the value of the property destroyed; that other witnesses, on the part of the plaintiff, so testified. There was evidence for the defendant fixing the value at much less. The jury ascertained and found the value to be $275, or $175 less than plaintiff demanded, less than the amount fixed by the plaintiff as a basis of adjustment before suit. This is in itself evidence of bad faith upon which the jury might have well found that the value fixed in the notice, as a basis of settlement before suit, was not made in good faith. If plaintiff's contention in this case is to be upheld, then any sum, however extravagant, may be fixed as a basis of settlement before suit, and lay the foundation for recovering double the actual value of the property actually destroyed, thus defeating the very object and purpose of the statute, and rendering it an instrumentality of oppression rather than as a means for securing the rights of the plaintiff without expensive litigation.

3. SAME: amount of loss: good faith claim: evidence: submission of issue.

But it is contended that it is placing no greater burden on the defendant than it ought to bear if the law requires of the defendant that, within thirty days, it tender to the plaintiff the amount of the actual loss which the plaintiff has sustained so the plaintiff may accept it or reject it; that, by so doing, it might escape the penalty provided in the statute. This contention is not sound because, if plaintiff's theory is true, the defendant might act in the best of faith, and, with an honest purpose to adjust and settle the loss, tender to the plaintiff what it honestly believes to be the actual loss, and yet, if upon the trial it is ascertained that the actual damage is more, even to the amount of one cent, than that tendered to the plaintiff, defendant is liable for double damages. This would require the defendant, to be within the zone of safety, to tender to the plaintiff more than seemed to be, to the company, the fair value of the property, or at least the exact amount found by the jury, in order to escape the penalty. But not so with the plaintiff. The plaintiff under the issue here tendered is not required to state the exact amount of his loss in his notice, but he is required to act in good faith in ascertaining, fixing, and demanding his damage and no more. Good faith is the plaintiff's shield, but if he does not act in good faith, if he fixes the value of his property at an unreasonable amount as a basis for settlement, and demands an exorbitant amount of the company as a basis for readjustment without suit, he loses, not the value of his property destroyed, but the penalty which he seeks to exact from the company. We do not feel justified in adopting any such rule, or in so construing the statute under consideration. We think, therefore, the court erred in refusing to submit to the jury for its determination the good faith of the plaintiff as a basis for recovering double damages.

In *Yazoo & Mississippi Valley Railroad Co. v. Jackson Vinegar Co.*, decided by the United States Supreme Court, December 2, 1912, and reported in 226 U. S. 217 (33 Sup. Ct. 40, 57 L. Ed. 193), the court had before it the construction

of the penal statute of the nature of the one under consideration in this case. The action was to recover damages from the railway company for partial loss of a shipment of vinegar, together with the penalty for a failure to pay the loss within sixty days from the filing of written notice of the loss or damage. The statute under consideration in that case provided: "Railroads . . . are required to settle all claims for lost or damaged freight . . . within sixty days from the filing of written notice of the loss or damage with the agent at the point of destination; . . . a common carrier failing to settle such claim . . . shall be liable to the consignee for $25.00 damages in each case, in addition to actual damages." The facts in the case showed that the plaintiff gave notice of its claim, in the manner prescribed by the statute, placing its damage at $4.76, and, upon the railroad company's failure to settle within sixty days, sued to recover that sum in the statutory penalty. Upon the trial, the damages were assessed at the sum stated in the notice, and the judgment was given therefor with the penalty. With these facts before it, that court in deciding the case used the following language:

Thus the claim presented in advance of the suit, and which the railroad company failed to settle within the time allotted, was fully sustained. As applied to such a case, . . . the statute is not repugnant to either the due process of law or the equal protection clause of the Constitution, but, on the contrary, merely provides a reasonable incentive for the prompt settlement, without suit, of just demands of a class admitting of special legislative treatment. . . . Although seemingly conceding this much, counsel for the railroad company urged that the statute is not confined to cases like the present, but equally penalizes the failure to accede to an excessive or extravagant claim; in other words, that it contemplates the assessment of the penalty in every case where the claim presented is not settled within the time allotted, regardless of whether, or how much, the recovery falls short of the amount claimed. But it is not open to the railway company to complain on that score. It has not been penalized

for failure to accede to an excessive or extravagant claim, but for failure to make reasonably prompt settlement of a claim which, upon due inquiry, has been pronounced just in every respect.

We think the court erred in failing to submit to the jury the question of the good faith of the plaintiff in demanding more of the company than the actual value of the property claimed to have been destroyed, and the cause might well be reversed for this error alone.

There is no question but that the demand may be so extravagant, so disproportionate to the actual loss, that the court may say, as a matter of law, that the plaintiff acted in bad faith in making it, and, in this case the majority of the court are of the opinion that

4. SAME.

the plaintiff, as a matter of law, acted in bad faith in demanding, as a basis for settlement before suit, $450, when, as a matter of fact, as shown by the verdict of the jury, his actual loss was only $275. The case is therefore reversed and remanded, with directions to the court to enter judgment for the plaintiff for $275, with interest thereon from the date of the verdict, and for costs. The costs of this appeal are ordered taxed to the plaintiff.—*Reversed and remanded.*

WEAVER, C. J., and DEEMER, WITHROW, EVANS, LADD, and PRESTON, JJ., concur.