GEORGE L. PIERCE, Appellee, v. CHICAGO & NORTHWESTERN RAILWAY COMPANY, Appellant.

RAILROADS: Injury to Animals—Double Damages—Excessive De-
1   mand—Effect. Double damages, for loss of stock killed or injured by a railway company by reason of failure to fence its track, may not be recovered when claimant, in his written notice of loss, demands damages in excess of the *fair and reasonable value of the stock* as finally determined by the verdict of the jury, even though the company makes no tender of the actual damages. (Section 2055, Code, 1897.) So held where the demand was for $200 actual damages and the jury found the same to be $190.

CONSTITUTIONAL LAW: Due Process, Etc.—Double Damages for
2   Stock Killed—Excessive Demand. A statute so construed as to penalize a railway company for failure to pay an excessive claim for damages would be violative of the constitutional guaranty of (a) due process and (b) equal protection of the law.

*Appeal from Marshall District Court.*—B. F. CUMMINGS, Judge.

WEDNESDAY, SEPTEMBER 26, 1917.

ACTION for damage consequent on the alleged killing of

a two-year old colt on defendant's right of way resulted in judgment against defendant, from which it appeals.—*Reversed.*

*Binford & Farber, James C. Davis* and *George E. Hise,* for appellant.

*Bradford & Johnson,* for appellee.

LADD, J.—The defendant's line of railway extends through the town of Quarry, and is double tracked. A highway extends north and south immediately west of the town, and intersects the railway. In the morning of December 2, 1912, at about 6:10 o'clock, a two-year colt was found lying dead on the cattleguard at the east side of the highway. Suit was brought for the value of the colt, it being alleged that it had gotten on the right of way in consequence of defendant's failure to maintain a sufficient fence along the railroad, and was killed by the operation thereof. The jury so found, and allowed in their verdict double damages in the sum of $380, thereby fixing the reasonable value of the colt as $190. Thereupon defendant moved that judgment be entered for this latter amount only, for that plaintiff had demanded more than the reasonable value of the colt in his notice and affidavit, and this being so, he was not entitled to double damages. The same thought was included in several instructions, which were refused. We are of opinion that the motion should have been sustained. To hold otherwise would, in effect, result in penalizing defendant for not yielding to an unjust demand.

1. RAILROADS: injury to animals: double damages: excessive demand: effect.

Section 2055 of the Code, 1897, declares that:

"Any corporation operating a railway, and failing to fence the same against live stock running at large and maintain proper and sufficient cattleguards at all points

where the right to fence or maintain cattle-guards exists, shall be liable to the owner of any stock killed or injured by reason of the want of such fence or cattle-guards for the full amount of the damages sustained by the owner on account thereof, unless it was occasioned by his wilful act or that of his agent; and to recover the same it shall only be necessary for him to prove the loss of or injury to his property. If such corporation fails or neglects to pay such damages within thirty days after notice in writing that a loss or injury has occurred, accompanied by an affidavit thereof, served upon any officer or station or ticket agent employed by said corporation in the county where such loss or injury occurred, such owner shall be entitled to recover from the corporation double the amount of damages actually sustained by him."

The notice and affidavit of plaintiff fixed the value of the colt at $200, and demanded payment thereof within 30 days. A statement of the value was an essential part of the notice and affidavit. *Manwell v. Burlington, C. R. & N. R. Co.*, 80 Iowa 662; *Mendell v. Chicago & N. W. R. Co.*, 20 Iowa 11. No other demand was essential to the recovery of double damages.

The statute has been upheld as constitutional (*Minneapolis & St. L. R. Co. v. Beckwith*, 129 U. S. 26 [32 L. Ed. 585]), and evidently was enacted to assure to the owners of live stock prompt payment of actual damages for the loss or injury thereof consequent on the failure of railroad corporations to maintain a sufficient fence along their right of ways. Nothing contained therein, however, evidences a purpose of aiding the owner to exact anything in excess of the reasonable value of stock destroyed or the fair remuneration for injuries done. The object is to induce prompt, not excessive, payment. The fair implication is that the amount demanded in order to exact payment within 30 days,

is the fair and reasonable measure of the loss or injury
suffered, and if more is claimed, the penalty of doubling
the damages will not be enforced. In refusing to pay an·
excessive claim, the company is guilty of no wrong. On ·
the contrary, it is to be commended for not paying it and
thereby encouraging efforts at extortion. The owner is in
much better situation than the railroad company to ascer-
tain the value of his own stock when killed or the amount of
damages when injured, and, to the end that adjustment
shall be prompt and controversy avoided, he should ask no
more than he is fairly entitled to claim, and, if he does,
there is no tenable ground in law or good morals for pun-
ishing the railroad company for not satisfying his demand.
In *St. Louis, I. M. & S. R. Co. v. Wynne*, 224 U. S. ·354
(56 L. Ed. 799), the statute involved was similar to ours,
exacting payment of double damages and attorney's fees
if actual damages were not satisfied within 30 days after
notice. Two horses were killed, and in the notice their
value was stated to be $500. The defendant did not pay.
within the time required, whereupon suit was brought for
$400 as damages, and, on trial, the damages were found to
be as so alleged. The trial court, deeming the statute ap-
plicable, entered judgment for $800 and attorney's fees.
It will be observed that the owner admitted and the jury
found that the demand was excessive, and yet the statute
was so construed as to penalize defendant for refusing to
pay the excess together with the actual damages suffered.
The Supreme Court, in reversing this judgment, speaking
through Van Devanter, J., said:

"We think the conclusion is unavoidable that the stat-
ute, as so construed and applied, is an arbitrary exercise of
the powers of government and violative of the fundamental
rights embraced within the conception of due process of
law. It does not merely provide a reasonable incentive for
the prompt settlement, without suit, of just demands of a

class admitting of special treatment by the legislature, as was the case with the statute considered in *Seaboard Air Line Ry. v. Seegers,* 207 U. S. 73, 52 L. Ed. 108, 28 Sup. Ct. Rep. 28, but attaches onerous penalties to the nonpayment of extravagant demands, thereby making submission to them the preferable alternative. Thus, it takes property from one and gives it to another, not because of a breach by the former of a duty to the latter or to the public, but because of a lawful exercise of an undoubted right. Plainly this cannot be done consistently with due process of law."

See annotation to this case in 42 L. R. A. (N. S.) 102.

The decision was applied in *Chicago, M. & St. P. R. Co. v. Polt,* 232 U. S. 165 (58 L. Ed. 554). A statute of South Dakota, after making a railway company absolutely liable for all property destroyed by fire communicated from its locomotive engines, and for double damages unless the full amount is paid within 60 days, provides that if, within 60 days, it shall "offer in writing to pay a fixed sum, being the full amount of the damages sustained, and the owner shall refuse to accept the same, then in any action thereafter brought for such damages, when such owner recovers a less sum as damages than the amount so offered, then such owner shall recover only his damages, and the railway company shall recover its costs." A verdict was returned for $780, and judgment was entered for double this amount with interest, though defendant had tendered $500, which was less than the amount of the verdict, and plaintiff had demanded more than the verdict, or $838.20. The Supreme Court, in reversing the judgment, speaking through Holmes, J., said:

"No doubt the states have a large latitude in the policy that they will pursue and enforce, but the rudiments of fair play required by the Fourteenth Amendment are wanting when a defendant is required to guess rightly what a jury will find, or pay double if that body sees fit to add one cent

to the amount that was tendered, although the tender was obviously futile because of an excessive demand. The case is covered by *St. Louis, Iron Mountain & Southern Ry. Co. v. Wynne*, 224 U. S. 354, 56 L. Ed. 799, 42 L. R. A. (N. S.) 102, 32 Sup. Ct. Rep. 493. It is not like those in which a moderate penalty is imposed for failure to satisfy a demand found to be just. *Yazoo & Mississippi Valley R. Co. v. Jackson Vinegar Co.*, 226 U. S. 217, 57 L. Ed. 193, 33 Sup. Ct. Rep. 40."

See, also, *Kansas City S. R. Co. v. Anderson*, 233 U. S. 325 (58 L. Ed. 983) ; *Missouri, K. & T. R. Co. v. Cade*, 233 U. S. 642 (58 L. Ed. 1135).

**2. Constitutional law: due process, etc.: double damages for stock killed: excessive demand.** These decisions seem conclusive on the proposition that to penalize defendant on its failure to satisfy the demand in the notice and affidavit, found by the jury to have been excessive, by enforcing payment of double the actual damages, would be taking property without due process of law, and denying defendant the equal protection of the law, as exacted by the Fourteenth Amendment to the Constitution of the United States. These decisions were reviewed in *Binder v. Chicago & N. W. R. Co.*, 162 Iowa 550, but there the only contention was that the owner, in making his demand, had acted in bad faith, and therefore was not entitled to double damages where the actual damages were found to be less than the demand. The suggestion that the railway company should make a tender of actual damages equal to the amount found by the jury, in order to avoid the penalty, is disposed of in *Railroad v. Polt*, supra. Moreover, the railway company is made liable for the penalty only in case of compliance by the claimant with the statute, and no hardship is involved in exacting that the owner's claim be restricted to the fair and reasonable measure of damages suffered, as a condition to the imposition of the penalty for failure to pay.

To hold otherwise would, as we think, and as held in the cases from which we have quoted, punish the defendant for no breach of duty, and thereby deny it the equal protection of the law, and take its property without due process of law. It follows that the motion for judgment for the actual damages, as found by the jury, or $190, should have been sustained.

GAYNOR, C. J., WEAVER, EVANS, SALINGER and STEVENS, JJ., concur.

PRESTON, J., dissents.