ALFRED LISTER, Appellee, v. CHICAGO, ROCK ISLAND & PACIFIC
RAILWAY COMPANY, Appellant.

**RAILROADS: Killing of Stock—Negligence and Proximate Cause as
1  Jury Question.** Negligence and proximate cause need not be estab-
lished beyond a reasonable doubt. Evidence that a path of broken-
down weeds led from a railroad track to the bottom of the grade
incline, and that at said latter point were found the dead bodies
of stock in a mangled condition, without any other explanation of
the cause of death, presents a jury question on the issue whether the
stock was hit by a passing train.

**RAILROADS: Failure to Fence—Excessive Demand for Stock Killed.**
2  When the value of stock killed upon a railway right of way (pri-
marily because of lack of proper right of way fence) is in issue,
the court must not instruct that, if plaintiff is found to be entitled
to recover, *"he will be entitled to recover double the actual value of
the stock,"* even though the record shows without dispute that plain-
tiff served upon the defendant, in the time and manner provided by
law, an affidavit of value, and that the defendant refused to pay
the amount of the demand. Manifestly, the findings of the jury
may demonstrate that the affidavit fixed the value clearly, though
innocently, in excess of the actual value—which fact would, in itself,
prevent the allowance of *double* damages.

**RAILROADS: Failure to Fence—Loss of Stock—Judgment Notwith-
3  standing Verdict.** When an affidavit as to the value of stock killed
on a right of way (primarily because of the lack of a proper right
of way fence) fixed the value at $400, and the jury was peremptorily
told that, if plaintiff was found to be entitled to recover, he should
be allowed, under the statute, *double* the actual value of the stock,
and the jury returned a verdict for $300, a conclusive presumption
is generated that the value of the stock was found to be $150, and
judgment should have been entered accordingly, irrespective of any
speculation as to how the jury may have arrived at their verdict.

*Appeal from Jasper District Court.*—H. F. WAGNER, Judge.

JANUARY 10, 1922.

ACTION at law, to recover damages for the alleged killing
of two cows belonging to the plaintiff. Verdict and judgment
for plaintiff. Defendant appeals.—*Reversed.*

*C. O. McLain, J. G. Gamble,* and *A. B. Howland,* for appellant.

*Ross R. Mowry,* for appellee.

WEAVER, J.—This action was brought at law, to recover double damages for the alleged killing of two cows by the operation of defendant's railway train. The petition contains the usual allegation of defendant's failure to properly fence its right of way, and that by reason thereof plaintiff's cows went upon the railway track, where they were struck and killed by defendant's train. The value of the animals was alleged to be $400. It was further averred that plaintiff had caused notice and affidavit of such loss to be served upon defendant more than 30 days before the action was begun; and judgment was demanded for $800.

Defendant denied the allegations of the petition generally. There was a trial to a jury, which returned verdict for plaintiff for $300. Motion for new trial was denied, as was also a motion by the defendant for a reduction of the amount of the verdict.

I. The defendant's first proposition for a reversal of the judgment below is that the verdict of the jury has no support in the evidence. The point is not well taken. It is true that no witness testifies to seeing the alleged killing, but it has been too often held that such fact may be shown by circumstantial evidence to justify us in pausing to argue the proposition of law.

1. RAILROADS: killing of stock: negligence and proximate cause as jury question.

That the rule has support in our own cases is abundantly shown by the precedents cited by the appellee. *Van Slyke v. Chicago, St. P. & K. C. R. Co.,* 80 Iowa 620; *Brockert v. Central Iowa R. Co.,* 82 Iowa 369; *Daugherty v. Chicago, M. & St. P. R. Co.,* 87 Iowa 276; *Kennedy v. Chicago & N. W. R. Co.,* 90 Iowa 754; *Cox v. Burlington & W. R. Co.,* 77 Iowa 478. In this case, there is no evidence tending to show that the two cows found lying dead by the track died of disease, or were killed by lightning or violence of any kind, other than was inferable from the fact that the defective fence afforded an entrance for the stock to the track; that the dead bodies lay at the foot of a steep slope from the track, down which slope the bodies would be

likely to have been thrown by collision with a moving train; that the bodies, or at least one of them, showed visible external marks of injury; that the moving or twisting of the heads of the carcasses produced grating sounds, as of broken bones; that from the track to the carcasses there was a trail broken through the weeds, such as might have been produced by their falling or sliding down the slope,—all of which, and the absence of any other reasonable theory or explanation of the killing by other means, fully justified the conclusion of the jury that the animals were injured by a train moving on the defendant's railway. Appellant claims, in effect, that circumstantial evidence is insufficient unless it excludes every other hypothesis than the negligence of the defendant. The rule contended for is often applied in criminal cases; but it is thoroughly well settled that, while plaintiff cannot recover upon evidence of circumstances which show no more than a possibility that the injury is chargeable to the defendant's negligence, he is not bound to prove either negligence or proximate cause beyond a reasonable doubt. Proximate cause is, under all ordinary circumstances, a question of fact; and where it depends upon circumstances from which reasonable minds may reasonably draw different conclusions, or where all the known facts point to the negligence of the defendant, the submission of the question to the jury is not error. 29 Cyc. 632; *Brownfield v. Chicago, R. I. & P. R. Co.,* 107 Iowa 254, 258; *Schoepper v. Hancock Chemical Co.,* 113 Mich. 582; *Jucker v. Chicago & N. W. R. Co.,* 52 Wis. 150; *Lunde v. Cudahy Pkg. Co.,* 139 Iowa 699. To call for the application of the rule contended for by appellant, it must appear that the proved facts are at least equally consistent with some other reasonable theory than the fault or negligence of the defendant. The record in the instant case is quite barren of proof of that kind. The finding of defendant's negligence has sufficient support in the testimony.

II. More than 30 days before this action was begun, the plaintiff served written notice of his loss upon the defendant, together with an affidavit stating the value of the animals killed

2. RAILROADS:
failure to fence:
excessive demand
for stock killed.

to be $400, and demanding payment of that amount. In submitting the issues to the jury, the court charged that, if plaintiff had estab-

lished the fact that his stock had been killed by defendant's train, and that such injury was occasioned by reason of defendant's failure to properly fence its right of way, then plaintiff was entitled to recover double the actual damages so sustained by him.  As to the form and substance of a verdict for plaintiff, the court gave the following instruction:

"If, guided by these instructions, you find for the plaintiff, then you will determine the actual value of said cows at the time of their death, and return your verdict in favor of the plaintiff for twice or double the amount of such actual value as found by you, without interest.  But in no event can your verdict exceed the sum of $800."

The jury returned a general verdict for the plaintiff, assessing his recovery at $300.  Thereupon, the defendant moved that judgment be entered upon said verdict in favor of plaintiff for $150, and no more, on the ground that, assuming the jury to have followed the instruction just quoted, the actual value of the cows must have been assessed at $150, and plaintiff having demanded payment of $400, a sum far in excess of the real damage sustained by him, he cannot be allowed to recover the penalty.  This motion was denied, and defendant assigns error on the ruling.  Judgment was entered for plaintiff upon the verdict for $300; and to this, exception is also taken.

3. RAILROADS: failure to fence: loss of stock: judgment notwithstanding verdict.

Under the statute providing for the recovery of double damages (Code Section 2055) and the decisions of this court construing and applying its provisions, we are constrained to hold that there was prejudicial error in the instruction last above quoted, to the effect that a finding for plaintiff would, as a matter of law, entitle him to an assessment of double damages.  Under the issues joined, a finding by the jury that the animals were killed by defendant's train, by reason of defendant's failure to properly protect its track by fence, as required by law, would entitle plaintiff to recover his actual damages, even if he had failed to show compliance with the statutory condition for recovery of double damages.  To recover double damages, he was required to make the additional showing that, 30 days or more before the suit was begun, he had given defendant notice in writing, accompanied by affidavit, of the loss he had

so sustained, and that defendant failed to make payment of his demand. We have held that the spirit, if not the letter, of this statute requires that this notice shall state the amount of the actual damage the plaintiff claims to have sustained (*Manwell v. Burlington, C. R. & N. R. Co.*, 80 Iowa 662, *Mendell v. Chicago & N. W. R. Co.*, 20 Iowa 9, 11), and that failure to give such notice will defeat the right to recover more than compensation for the actual injury. We have further held that, in order to recover double damages, the plaintiff must state in good faith, in his written notice of loss, the amount of his actual damage, thereby giving the railway company the opportunity, if so disposed, to make good to him his actual loss, unburdened by any penalty. In so ruling, we have said that "to hold plaintiff can fix his damage at any sum, however exorbitant or unreasonable, and demand of the company, through the notice, an adjustment and settlement at that amount, or be liable for double the actual amount," would be clearly unjust. *Binder v. Chicago & N. W. R. Co.*, 162 Iowa 550. In the cited case, the plaintiff, in his notice to the company, had stated the value of the animals killed at $450, while the jury assessed the value at only $275; and this discrepancy was held sufficient to require submission to the jury of the question of plaintiff's good faith in making the excessive demand. Later, in *Pierce v. Chicago & N. W. R. Co.*, 180 Iowa 1385, the plaintiff's notice of loss stated the value of the animal killed at $200. Suit was brought to recover double damages in the sum of $400. The verdict of the jury was for $380. We there went a step further than in the *Binder* case, and held, in effect, that, as double damages are in the nature of a penalty for failure to pay a just demand, they ought not to be imposed in any case where the demand is excessive. Such being the conclusion as to the effect of the statute, we there held that the trial court erred in refusing the defendant's motion for the entry of judgment for actual damages only, as indicated by the verdict returned.

III. Counsel for appellee makes the point that defendant in this case did not plead or charge bad faith on plaintiff's part in making his demand for $400 actual damages. We think, however, that the right of the defendant to resist payment of double damages is not conditioned upon its ability to show bad faith in

the plaintiff. It is enough if the demand made is clearly excessive.

It is further argued that the evidence is undisputed that one of the cows killed was of the value of $250, and that the other (the one showing visible external marks of injury) was of the value of $150; and that the verdict is explainable on the theory of a finding for plaintiff for double the value of the animal last mentioned, and should be sustained for that amount.

It is not within the province of the court to thus amend the verdict, or to speculate upon the reasons leading the jury to its conclusion. The notice of loss given the company and the demand for damages were for the single gross sum of $400, and the verdict returned was for the single gross sum of $300, thus conclusively demonstrating that the claim so made was very materially in excess of the actual damages. Under the record before us, we must hold that the court erred in directing the jury that a finding for plaintiff would entitle him to a recovery of double damages. We are also of the opinion that the court should have sustained the defendant's motion for judgment against it for one half the amount of the verdict returned.

For the reasons stated, the judgment below is reversed and cause remanded for further proceedings in harmony with this opinion.—*Reversed and remanded.*

STEVENS, C. J., PRESTON and DE GRAFF, JJ., concur.