No. 20,163.

J. H. CANFIELD, *Appellee*, v. THE CONNECTICUT FIRE INSURANCE COMPANY OF HARTFORD, CONN., *Appellant.*

#### SYLLABUS BY THE COURT.

FIRE INSURANCE — *Loss* — *Tender* — *Action* — *Attorney's Fees.* Where a lawsuit arises over an insurance policy and the plaintiff claims a total loss and demands the full amount of the policy, $1000, and the insurance company tenders $650 in settlement, and the jury find the loss under the policy to be $600, the plaintiff is not entitled to have an attorney's fee taxed against the defendant as part of the costs.

Appeal from Cowley district court; CARROLL L. SWARTS, judge. Opinion filed May 6, 1916. Reversed.

*A. M. Jackson, A. L. Noble,* both of Winfield, *Thomas Bates,* and *Seymour Edgerton,* both of Chicago, Ill., for the appellant.

*Ed. J. Fleming,* of Arkansas City, *J. T. Lafferty, W. P. Hackney,* and *L. D. Moore,* all of Winfield, for the appellee.

The opinion of the court was delivered by

DAWSON, J.: The plaintiff held an insurance policy for $1000, issued by defendant, to protect his barn from loss or damage by fire, lightning, windstorms, cyclones, and tornadoes. The barn was partially destroyed by a windstorm. After some futile efforts to appraise and determine the amount of the insurance company's liability in accordance with the terms of the policy, the plaintiff sued the defendant for $1000, alleging the total destruction of the barn.

By agreement of parties, the defendant was permitted to file the following amendment to its answer:

"That the plaintiff ought not to have and maintain the said cause of action against the defendant for the reason that before the commence-

ment of said suit the defendant in order to settle differences between it and the plaintiff tendered to the plaintiff the sum of $650 in lawful money of the United States of America, and that it hereby tenders the same in court, and hereby keeps said tender good.

"That said tender was not made because the defendant thought that the plaintiff was entitled to recover that much or that he had been damaged to that extent, but rather to buy its peace and avoid litigation."

Two of the special findings of the jury read:

"Q. 7. Did the defendant, within 20 days after the loss, offer to pay the plaintiff the sum of $650 in payment of the loss, and was this offer refused by the plaintiff? A. Yes.

"Q. 8. What would it have cost to repair or replace the barn in question immediately after the injury in as good condition as it was immediately before the injury? A. $600."

The jury found a verdict in plaintiff's favor for $600, and the judgment therefor was paid.

Later the question of an attorney's fee to be allowed and charged as part of the costs under section 4263 of the General Statutes of 1909 was considered by the court and a fee of $150 was allowed. The propriety of this allowance is the only question involved in this appeal, it being the defendant's contention that its allowance under the facts of this case infringes the defendant's constitutional rights, particularly those guaranteed to it by the fourteenth amendment.

It is settled by the decisions of this court and of the supreme court of the United States that statutes allowing attorneys' fees in cases arising over certain insurance policies are constitutional. (*Assurance Co. v. Bradford,* 60 Kan. 82, 55 Pac. 335; *Syndicate Co. v. Insurance Co.,* 85 Kan. 367, 116 Pac. 212; *Farmers' &c. Ins. Co. v. Dobney,* 189 U. S. 301.) But the case before us is somewhat peculiar. It is entirely possible to give a perfectly valid statute such an unreasonable interpretation and application as to violate the constitutional rights of a litigant. Here the plaintiff demanded $1000. The defendant offered him $650. The jury found that the plaintiff was only entitled to $600. The plaintiff was not satisfied with what was fair and just. The assessment of an attorney's fee in his favor under such circumstances would be a penalization of the defendant for standing on its just rights and resisting the plaintiff's unreasonable demands. There is nothing the matter with the statute, but it has been misapplied here.

We presume that defendant is correct in its contention that the taxing of this fee against it in this case was in violation of its rights under the due process feature of the fourteenth amendment. (*St. Louis, I. M. & S. Ry. Co. v. Wynne*, 224 U. S. 354.) But we think the question is so plain that it hardly needs to be measured by grave constitutional propositions. It is familiar law that where a defendant tenders a greater sum than the judgment afterwards rendered against him he is exempt from all costs incurred after the tender is made.

A suggestion is made questioning the sufficiency of the tender, but that point does not appear to have been raised below and consequently it can not be considered here.

The judgment is reversed with instructions that the item allowed as an attorney's fee be stricken from the bill of costs.